GEORGE CULLINS, Respondent, v. THE FLAGSTAFF SILVER MINING COMPANY, Appellant.

1. Mechanics' Lien Law, Scope of.—The Mechanics' Lien Law is not intended for the poorer class of laborers only, but is for the benefit of all persons who can bring themselves within its provisions.

2. Mechanics' Lien Law, Scope of.—A. was employed by a corporation to direct the work in its mine, with authority to employ and discharge miners, and procure and purchase supplies for working said mine; and it was also the duty of A., by virtue of said employment, to plan, oversee and direct the work in said mine: direct the shipment of ore, and generally to contract and direct the actual working and development of the same: Held, That A. was entitled to the benefit of the Mechanics' Lien Act, and such services came within its provisions.

Appeal from the Third District Court.

The facts appear in the opinion of the court.

*J. R. McBride,* for appellant.

The lien law, upon which this issue is based, will be found on pp. 386, 399, Revised Statutes of Utah, and the same being

in derogation of the common law must be strictly construed. 1 Cal. 185; 2 Cal. 90; 29 Cal. 286.

The law was intended for the benefit of laboring men. It appears from the record that plaintiff was the mining superintendent of defendant, whose duty was not to labor in defendant's mine as a laborer, but generally to watch over defendant's business at the mine, as well as purchasing in the markets the supplies therefor, and as such is not entitled to any lien or preference on the property of defendant over its other creditors. 2 Cal. 91; 40 Cal. 187; 27 Mo. 39; 2 Mon. 443.

*Bennett & Harkness*, for respondent.

A superintendent or foreman of the work is as necessary to the development of a mine as the labor of a common miner.

In the following cases the lien law has been held to include the architect, and the cost of boarding laborers. *Bank* v. *Gries*, 35 Pa. 423; *Lybrandt* v. *Eberly*, 36 Pa. 347.

The case of *Smallhouse* v. *K. & M. G. Co.*, 2 Montana, 443, does not seem to be analogous. The decision is put on the ground that the claimant was the representative and stood in the place of the company in the business, and hence could not have a lien.

In this case the complaint and findings both show the plaintiff was not the general agent or manager of defendant's business, but an employee engaged by and acting in a limited employment under such general manager. Assuming, therefore, that both the Nevada and Montana cases are rightly decided, the rule would be that if the claimant is the representative and stands in the place of the company in the business, he has no lien; if he is strictly an employee he has a lien, though in the course of his duty as an employee he may be required to direct the work of other employees. If this be the rule the judgment must stand, because it will be presumed the evidence showed such a state of facts as to fully justify the finding.

George Cullins v. The Flagstaff Silver Mining Company.

EMERSON, J., delivered the opinion of the court:

This action was brought to enforce a miner's lien against the defendant corporation, and the only question in the case is, whether the respondent, being superintendent or foreman of the defendant's mine, is he, in the sense of the mechanics' and miners' lien law of this Territory, a laborer, so as to entitle him to lien on the mine?

Section 1221 of the Compiled Laws, provides that: " Any person or persons who shall perform any work or labor upon any mine, or furnish any material therefor, in pursuance of any contract made with the owner or owners of such mine or of any interest therein, shall be entitled to a miners' lien for the payment thereof upon all the interest, right and property in such mine by the person or persons contracting for such labor or materials at the time of making such contract; said lien may be enforced in the same manner and with the same effect as a mechanics' lien, as provided by the laws of Utah." It is upon the construction to be given to this language that the court is called upon to pass.

The court below found that the plaintiff was employed by the defendant corporation " to direct the work in the said mine, with authority to employ and discharge miners, and procure and purchase supplies for working said mine, and that it was the duty of the plaintiff, by virtue of said employment, to plan, oversee and direct the work in said mine, direct the shipping of ore, and generally to control and direct the actual working and development of the mine," and that the notice of intention to hold a lien upon the mine was regular and sufficient.

It is claimed, that as the law giving liens must be strictly construed, the plaintiff, by virtue of his employment, does not come within the description of those who are entitled to the benefit of the act. From the nature of the plaintiff's employment and the relation in which he stood to the other laborers, it is clear that his employment was in view of his especial ability and fitness to direct the work on the mine. It was

such as a skilled laborer only would be employed to perform. The legislative intent in giving the lien was not, as was claimed by the appellants, for the poorer class of laborers alone, but was for the benefit of all those who could bring themselves within its purview, and from the nature of their employment receive the benefits it confers, without regard to their pecuniary condition. We have no doubt what the plaintiff claims comes within the very letter of the law, as well as within its spirit. He was as much an employee of the appellant as any laborer on the mine, and if at all competent for the position assigned him by his employers contributed more than any other one to the development of the property. *Capron* v. *Strout*, 11 Nev. 310.

The case of *Smallhouse* v. *Kentucky & M. G. & S. M. Co.*, 2 Mon. 443, cited by appellants, is not analogous to the case now under consideration. It seems that the person seeking to enforce a lien in the case referred to, was the general manager of the corporation in all its business, at the place where it was carried on; and, as was stated in the opinion, he was not an architect or laborer, and did not labor directly in the construction of the buildings, etc., "but rather that he was employed by the corporation, at a fixed salary, to manage and superintend its affairs at the place named." In the case at bar it was the plaintiff's duty, among other things, to direct the work in the mine, and, according to the findings, he "performed said duties, and in the performance thereof did some manual labor." Even if this latter clause had not been in the findings yet the facts as found make him such a laborer upon the mine as to entitle him to the benefit of the act.

The judgment of the lower court is affirmed.

SCHAEFFER, C. J., and BOREMAN, J., concurred.