[No. 6,589.—Department No. 1.]

## DICKENSON ET AL. *v.* BOLYER ET AL.

| 55 | 285 |
| 88 | 43 |
| 55 | 285 |
| 102 | 141 |

MECHANICS' LIEN.— Section 1188 of the Code of Civil Procedure (quoted in the opinion) applies only to cases in which one claim is filed against two or more *separate and distinct* " buildings, mining claims, or other improvements owned by the same person," and not to a case where all of the work was performed upon one and the same piece of property, although upon different portions of it.

APPEAL from a judgment for the plaintiffs, in the Twenty-first District Court, County of Plumas.    CLOUGH, J.

*J. S. Chapman*, and *J. D. Goodwin*, for Appellants.

If the labor be done upon a building or tunnel, situate upon a mining claim, the person seeking to acquire a lien therefor must designate the amount performed upon each, otherwise his lien will be postponed to other liens.    (Code Civ. Proc. § 1188; *Mc-Greary* v. *Osborne*, 9 Cal. 119; *Selden* v. *Meeks*, 17 id. 128.)

*W. W. Kellogg*, for Respondents.

Ross, J. :

The plaintiffs performed certain work for the defendant Bolyer, upon a dwelling-house situated on a certain mining claim, and also in and upon a tunnel, and other portions of the mining claim.    For the amount due for the work so performed, the plaintiffs filed, in due time, their claim of lien, and brought the present action to enforce it.    The defendants, Thompson and Kellogg, to whom Bolyer executed a mortgage upon the premises after the filing of the laborers' claim of lien, appeal from the judgment of the Court below foreclosing the latter, on the ground that inasmuch as the claim of lien filed by the plaintiffs did not designate the amount and value of the work performed upon the dwelling-house, and the amount and value of that performed upon the tunnel, and other portions of the mining claim, the lien of the plaintiffs should have been postponed to the appellants' mortgage, by virtue of § 1188 of the Code of Civil Procedure, which reads as follows: " In every case in which one claim is filed against two or more buildings, mining claims,

or other improvements owned by the same person, the person filing such claim must at the same time designate the amount due to him on each of such buildings, mining claims, or other improvements, otherwise the lien of such claim is postponed to other liens. The lien of such claimant does not extend beyond the amount designated, as against other creditors having liens, by judgment, mortgage, or otherwise, upon either of such buildings, or other improvements, or upon the land upon which the same are situated.

We think appellants do not correctly construe this section. It plainly applies only to cases in which one claim is filed against two or more *separate and distinct* " buildings, mining claims, or other improvements owned by the same person," and not to a case where, as here, all of the work was performed upon one and the same piece of property, although upon different portions of it.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.