Ross, J.
Palmer and Holm commenced separate actions against the Uncas Mining Company and others for the foreclosure of miners’ liens, which actions were subsequently consolidated and tried together. So far as Holm’s suit is concerned, it is objected,—1. That his complaint is fatally defective in that it does not contain a sufficient allegation of non-payment; 2. That the labor performed by Holm was not such as would entitle him to a lien; and 3. That “ before filing his lien, Holm transferred nearly all his claim to Beaver and Junot, but afterward had it reconveyed, and filed a lien” for the amount claimed to be due him.
In respect to the complaint, the allegation is, that the defendant, the Uncas Mining Company, for which company it is averred the plaintiff rendered the services, “ has paid to plaintiff no part of said $171, and the same is now due and owing to the plaintiff from said defendant.” No demurrer was interposed, in the absence of which it cannot be held the allegation is insufficient.
The case shows that the labor for which the lien in question is claimed was rendered in and upon the mining claim.
The fact that Holm gave to Beaver and Junot orders on the mining company for portions of the amount due him did not divest his right to the lien claimed. The orders were not received by Beaver or Junot in payment of their respective claims against Holm, nor were they paid or accepted by the mining company, but were returned to Holm before the filing of his claim of lien.
In respect to the suit of Palmer, it is said that his assignor, Schmidt, was not entitled to a lien because he was a “ mining superintendent.” Whether a mining *614 superintendent is under the statute entitled to a lien or not, the case shows that although Schmidt was called superintendent, the service for which his claim of lien was filed was manual labor done by him in and upon the property upon which the lien is sought to be established.
The stipulation of counsel under which the depositions of Schmidt and Palmer were taken estop appellant from claiming that they were not taken under a commission issued from the court.
Judgment and order affirmed.
McKinstry, J., and Myrick, J., concurred.