[No. 13267. In Bank. — February 13, 1891.]

# R. L. BOOTH ET AL., RESPONDENTS, v. GERONIMA PENDOLA ET AL., EXECUTORS, ETC., APPELLANTS.

MECHANIC'S LIEN — JOINT LIEN UPON SEPARATE BUILDINGS — UNRECORDED CONTRACTS. — A joint lien for labor done and materials furnished may be filed against two separate buildings erected upon the same lot, though erected at different times and under different unrecorded contracts between the owner and the same original contractor.

ID. — CLAIM OF LIEN — SPECIFICATION OF LABOR AND MATERIALS FOR EACH BUILDING — POSTPONEMENT OF LIEN. — The failure of the claimant to specify in his claim of lien the amount of labor and material furnished for each building merely has the effect to postpone his lien, and to give precedence to other specific liens upon each building, and is of no concern to the owner of the lot.

ID. — FORECLOSURE — PLEADING — FINDING — VALUE OF MATERIALS AND LABOR — AGREED PRICE — VOID CONTRACT. — An allegation in the complaint and a finding as to the value of labor done and materials furnished to a contractor for the erection of buildings under void unrecorded contracts is essential to support a judgment of foreclosure of a lien therefor, and it is not sufficient to allege merely what amounts the contractor agreed to pay for the labor and materials furnished for each building.

ID. — EVIDENCE OF VALUE — CONTRACT PRICE — UNRECORDED CONTRACT. — Although the original contract is unrecorded, and therefore void, the contract price agreed upon between the original contractor, as the agent of the owner, and the material-men and laborers, is *prima facie* evidence of the value of the materials furnished and labor performed, and would support a finding of value.

ID. — PLEADING — UNITING OF LIENS — SEPARATE STATEMENT. — Where several mechanics' liens are united in one complaint, and there is a distinct statement of the facts as to each lien, there is a sufficient separate statement of each cause of action, though they are not numbered or otherwise formally designated.

ID. — COMPETENCY OF WITNESS — ESTATES OF DECEASED PERSONS. — The claimant of a mechanic's lien against buildings erected by a deceased person is a competent witness to testify to facts accruing before the death of the owner, in an action against the representative of his estate.

ID. — "CLAIM" AGAINST ESTATE — PROCEEDING IN REM — CONSTRUCTION OF CODE. — An action to enforce a mechanic's lien is in the nature of a proceeding *in rem*, in which no personal judgment can be recovered against the estate of the deceased owner payable in due course of administration, and the lien is not a "claim" against the estate within the meaning of subdivision 3 of section 1880 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Santa Barbara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Cope & Boyce*, for Appellants.

The causes of action of the three plaintiffs are not separately stated. While section 1195 of the Code of Civil Procedure permits any number of persons claiming liens to join in the same action, it does not in any way change the rule of pleading that separate causes of action must be separately stated. (Code Civ. Proc., secs. 427, 1198.) A complaint which violates this rule is subject to demurrer in this state. (*Nevada Canal Co.* v. *Kidd,* 43 Cal. 180; 37 Cal. 282, 317; *Buckingham* v. *Waters,* 14 Cal. 146; *Watson* v. *S. F. & H. B. R. R. Co.,* 41 Cal. 17; *White* v. *Cox,* 46 Cal. 169; *Shelby* v. *Houston,* 38 Cal. 420.) The complaint fails to specify the material and labor furnished each house, and there is no segregation of the amount claimed for labor and the amount claimed for materials. (*Lothian* v. *Wood,* 55 Cal. 159, 163.) It was error for the court to permit the plaintiffs and defendant C. W. McCann, as well as their respective assignors, to testify as to matters of fact occurring before the death of defendant Giovanni B. Pendola. (Code Civ. Proc., sec. 1880; *Blood* v. *Fairbanks,* 50 Cal. 420; *Mitchell* v. *Haggenmeyer,* 51 Cal. 108; *Davis* v. *Davis,* 26 Cal. 23; 85 Am. Dec. 157; *Kisling* v. *Shaw,* 33 Cal. 425, 446; 91 Am. Dec. 644; *Satterlee* v. *Bliss,* 36 Cal. 489, 512.) A person claiming the benefit of a mechanic's lien law must bring himself strictly within its terms. (*Davis* v. *Livingston,* 29 Cal. 283; *Farmers' Bank* v. *Winslow,* 3 Minn. 86; 74 Am. Dec. 740; *Rees* v. *Ludington,* 13 Wis. 276; 80 Am. Dec. 741.) In order to maintain a mechanic's lien, the claimant, whether he be a subcontractor or a material-man, must show that the materials for which he files his claim were furnished to be used, and that they were actually used, in the particular building against which the lien is asserted. (Code Civ. Proc., sec. 1183; Phillips on Me-

chanics' Liens, secs. 151, 203, 276, 376, 377; *Bottomly* v.
*Rector of Grace Church,* 2 Cal. 90; *Houghton* v. *Blake,* 5
Cal. 240; *Tibbetts* v. *Moore,* 23 Cal. 208; *Lothian* v. *Wood,*
55 Cal. 159, 163; *Patent Brick Co.* v. *Moore,* 75 Cal. 205;
*Holmes* v. *Richct,* 56 Cal. 307; 38 Am. Rep. 54; 2 Jones on
Liens, secs. 1310–1312, 1314, 1322; *Larkins* v. *Blakman,*
42 Conn. 294; *Trustees German Lutheran Church* v. *Heise
& Co.,* 44 Md. 453; *Davis* v. *Alvord,* 94 U. S. 545; *Gorgos*
v. *Douglas,* 6 Serg. & R. 512; *Lumber Co.* v. *Gottschalk,* 81
Cal. 647; *Barker* v. *Maxwell,* 8 Watts, 478; *Chambers* v.
*Yannell,* 15 Pa. St. 265; *Geopp* v. *Gartiser,* 35 Pa. St.
130; *Campbell* v. *Furness,* 1 Phila. 372; *Warner* v. *Doug-
las,* 6 Serg. & R. 512; *Plumber* v. *Eckenrode,* 50 Md. 225;
*Norris Co. Bank* v. *Rockaway Mfg. Co.,* 16 N. J. Eq. 150;
*James* v. *Van Horn,* 39 N. J. L. 353; *Childs* v. *Anderson,*
128 Mass. 108; *Chapin* v. *Persse & Brooks Paper Works,* 30
Conn. 461; 79 Am. Dec. 263; *Hill* v. *Braden,* 54 Ind. 72;
*Hill* v. *Ryan,* 54 Ind. 118; *Wilkerson* v. *Rust,* 57 Ind. 172;
*McGrue* v. *McCarthy,* 78 Ind. 496; *Cullver* v. *Elwell,* 73 Ill.
536; also *Steigleman* v. *McBride,* 17 Ill. 300; *James* v.
*Hambleton,* 42 Ill. 308; *Simmons* v. *Carrier,* 60 Mo. 581;
*Fitzgerald* v. *Thomas,* 61 Mo. 499; *Fitzpatrick* v. *Thomas,*
61 Mo. 512; 76 Mo. 513; *Tabor* v. *Armstrong,* 9 Col. 285;
*Lyon* v. *Logan,* 68 Tex. 521; 2 Am. St. Rep. 479; *Dalles
Lumber Mfg. Co.* v. *Wasco Woolen Mfg. Co.,* 3 Or. 527;
*Kezartee* v. *Marks,* 15 Or. 529.)   Although the contract
price is evidence, *prima facie,* in any event, of the true
value, and such evidence will support a finding as to the
true value, yet the allegation as to the value, and the
finding in response to such allegation, are essential in an
action of this character.   (2 Jones on Liens, sec. 1306;
*Lee* v. *Burke,* 66 Pa. St. 336; *Deardorff* v. *Everhartt,* 74 Mo.
37; *Kellogg* v. *Howes,* 81 Cal. 178, 179.)

   *B. F. Thomas, A. E. Putnam,* and *W. P. Butcher,* for
Respondents.

   That several causes of action were improperly united
in a single count, and the said several causes of action

are not severally stated, is not ground of demurrer to
the complaint. (See Code Civ. Proc., sec. 430; *Fraser* v.
*Oakdale Lumber and Water Company,* 73 Cal. 187.) It
was not necessary to specify what materials went into
the Western Hotel and what went into the Pendola
cottage. (See Code Civ. Proc., sec. 1188.) The only
result of not stating the amount due on each building is
that the lien is postponed, so that this failure to allege the
amounts respectively due on each of the buildings does
not concern the owners of the lot. (*Dickenson* v. *Boyler,*
55 Cal. 285.) It was not error to permit the plaintiffs to
testify, as a mechanic's lien is not a "claim" against the
estate. (*Fallon* v. *Butler,* 21 Cal. 24; 81 Am. Dec. 140;
*Roche* v. *Ware,* 71 Cal. 375; Code Civ. Proc., sec. 1879;
*Estate of McCausland,* 52 Cal. 576; *Estate of Swain,* 67 Cal.
641; *Myers* v. *Reinstein,* 67 Cal. 89; *Card* v. *Card,* 39 N. Y.
317; *Germania Building and Loan Ass'n* v. *Wagner,* 61 Cal.
355; *Southern Cal. Lumber Co.* v. *Schmitt,* 74 Cal. 625; *Es-*
*tate of Kibbe,* 57 Cal. 407.) The verbal agreements between
the contractor and material-men and laborers are com-
petent evidence of the value of the said materials and
labor, and the respective findings are findings of the
value of the same. (See Phillips on Mechanics' Liens, 2d
ed., secs. 204, 406, 441.) The lien law of this state, which
is highly remedial, should be liberally construed, with a
view to effect its objects and promote justice. (Code
Civ. Proc., sec. 4; see Phillips on Mechanics' Liens, secs.
16, 17; *White Lake Lumber Co.* v. *Russell,* 22 Neb. 126; 3
Am. St. Rep. 262; *Tredinnick* v. *Mining Co.,* 72 Cal. 78;
*Flagstaff Silver Min. Co.* v. *Cullins,* 104 U. S. 176.)

The COURT.—This is an action brought by plaintiffs
having several liens of mechanics and material-men
against property owned by Pendola, deceased, in his
lifetime.

The findings show that Pendola entered into a written
agreement with one Hamilton on March 29, 1887, for

the construction of the Western Hotel, in the city of Santa Barbara, and on the 15th of June entered into another contract with said Hamilton to build a cottage near said hotel and on the same lot. Neither of these contracts was recorded. Belt & Co. furnished materials for both buildings, for which Hamilton agreed to pay a reasonable price. The court finds that the reasonable value of the materials furnished by them was $363.99. On May 2, 1887, Hamilton entered into an agreement with Backus & Heyl, by the terms of which the latter were to paint the hotel for the sum of $365, and the cottage for the sum of $135. The court finds that of these sums $131.71 remain unpaid. Lightner & Buckingham furnished materials for and performed certain work on the cottage, for which Hamilton was to pay the sum of $335, and performed certain work on and furnished materials for the hotel, for which they were to receive the sum of $975, of which the sum of $535.35 remains due and unpaid.

1. The claims of lien filed by Backus & Heyl and Lightner & Buckingham segregate and specify the amounts which they were to be paid on each building, and state the total of the amounts paid to them, and the balance due on both buildings. It is not stated, either in the complaint or in the findings, how much remain due on each of the buildings, and the question is presented whether a joint lien can be filed against two buildings where they are separate structures which have been erected at different times, and under different contracts between the owner and the original contractor. It seems to be conceded that a joint lien may be filed against two buildings erected at the same time and under the same contract. We think there can be no doubt that such is the case; and whatever may be the rights of an original contractor having constructed two separate buildings under two separate and valid contracts, we think that in the case at bar the only effect of the failure to state how

much labor and material was furnished one building, and how much the other, is to postpone the liens of these claimants, and give precedence to the liens of others.

2. The complaint alleges that Hamilton agreed to pay Backus & Heyl the sums of $365 and $135, above referred to, and that he agreed to pay Buckingham & Lightner the sum of $975 for work done on and material furnished for the hotel, and $335 on account of the cottage; but it is nowhere alleged, nor does the court find, what was the value of any of the materials furnished or any of the work performed. Such allegations and findings were necessary, and the judgment cannot be supported without them. The contract between the owner and Hamilton was never filed for record. It was void, and while it is doubtless true that the contract price agreed upon between Hamilton, the agent of the owner, and the material-men and laborers, is *prima facie* evidence of the value of the materials furnished and labor performed, and would support a finding of value, we think that an allegation and a finding on the subject are essential to support a judgment in actions of this character.

All other points made by appellant and worthy of consideration were noticed by Mr. Justice McFarland in the opinion filed in Department, and we are satisfied with the conclusions therein reached.

Judgment as to plaintiffs Buckingham and Heyl is reversed, and the cause is remanded for a new trial, with permission to amend their pleadings as they may be advised. In all other respects the judgment is affirmed.

The following is the opinion above referred to, rendered in Department Two on the 31st of January, 1890:—

McFARLAND, J. — This is an action brought by plaintiffs, having several liens of mechanics and material-men, against property owned by Giovanni Pendola (now deceased) in his lifetime. He died during the pendency of the action, and his executors were made defendants.

Other persons were also made defendants, who set up other mechanics' liens on the property. The judgment went for plaintiffs, and for the defendants asserting liens.

The plaintiffs, executors of said Pendola, deceased, appeal from the judgment, and from an order denying a new trial.

The only safe course for one desiring to have a house built by contract, when the price exceeds one thousand dollars, is to have the contract written and recorded, as provided by section 1183 of the Code of Civil Procedure, and to follow the contract in his payments of money. This is, no doubt, a hardship to owners of land who desire to improve it, and limits, to them, the general control which men usually have over their own property. But it is quite evident that the legislature has industriously endeavored by extreme means not only to protect and favor mechanics and laborers who actually work on buildings (which seems to have been the original notion of a "mechanic's lien "), but also certain merchants who are brought in under the category of "material-men." And as long as the provisions of the present lien law are held to be constitutional (and they seem to have been so held by this court), owners of buildings must protect themselves by the written contract provided by the code, — unless they can induce the legislature to change the law. In the case at bar the owner did not have any recorded contract; and that neglect has given rise to most of the questions in the case, — as similar neglects have brought many similar cases to this court. We have examined all the points made and argued in this case, and we find no error which should work a reversal of the judgment. We shall briefly notice a few of those points.

Several different liens were united in the complaint,— which may be done under section 1195 of the Code of Civil Procedure,— and appellant contends that the different causes of action were not separately stated. It is doubtful if this point can be raised on the record; but,

at all events, we think that there is a sufficient separate statement.   There was a distinct statement of the facts as to each lien, and there was no necessity that they should be numbered or otherwise formally designated.

There were two houses built on the same lot,— the Western Hotel and the Pendola cottage,— and appellant objects that in some of the liens it does not appear how much material and labor were furnished for one, and how much for the other   But that circumstance, under section 1188 of the Code of Civil Procedure, would only have the effect of giving precedence to other liens.   It would be no concern of the owner of the lot   (See *Dickenson* v. *Bolyer*, 55 Cal. 285.)

The demurrer to defendant McCann's supplemental cross-complaint was properly overruled.   It contained a sufficient averment of presentation of the claim to Pendola's executors, if such presentation was necessary

Appellant contends that it was error to allow plaintiffs to testify, because the defendant Giovanni Pendola having died before trial, they were incompetent as witnesses under subdivision 3 of section 1880 of the Code of Civil Procedure.   It is to be observed that at one time a party was prohibited from testifying *in any case* where the adverse party was "the representative of a deceased person " as to facts which accrued before the death of the deceased.   (Civil Practice Act, sec. 3939; Hittell's General Laws, 769.)   The law was changed to the present provision, which is, that a party cannot be a witness in an action against an executor or administrator " upon a claim or demand against the estate of a deceased person." In *Fallon* v. *Butler*, 21 Cal. 24, 81 Am. Dec. 140, it was held that a " claim " referred only to such demands against the decedent as might have been enforced against him in his lifetime by a personal action, and did not include a mortgage lien, where no money judgment was sought against the estate.   This ruling has been approved in *Estate of McCausland*, 52 Cal. 576, *Estate of Swain*, 67

Cal. 641, and *Stuttmeister* v. *Superior Court*, 72 Cal. 489, although in those cases the application of the rule was not made to the precise question raised here. But in *Myers* v. *Reinstein*, 67 Cal. 89, the competency of a party as a witness against an administrator under section 1880 was directly involved, and it was there held that in an action to enforce a resulting trust against the personal representative of the deceased trustee, the plaintiff was a competent witness. The principle there adopted was essentially the same as the one here invoked by respondent. An action to enforce a mechanic's lien is of the nature of a proceeding *in rem;* no personal judgment can be recovered in it against the estate, payable in due course of administration; and therefore, in our opinion, it is not a "claim" within the meaning of subdivision 3 of section 1880. We think, therefore, that the court did not err in overruling the objections to the competency of the witnesses.

Appellant contends that there is no sufficient finding of the value of the materials and labor furnished by two of the lien claimants. But the court finds that they were employed by Hamilton, the contractor, at a certain price; and as, under the code, Hamilton was the agent of the owner, we think that this was sufficient.

There are other assignments of error, which we do not deem it necessary to notice in detail. We have noticed those which we deem the most important. It must be remembered that the mechanic's lien law of this state has been changed at nearly every session of the legislature since the first statute on the subject was passed; and that many former decisions of this court in relation to it rested upon provisions not now in existence. From a careful examination of the whole of the record in this case, we see no prejudicial error.

Judgment and order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.