Burket, J.
It is urged by plaintiff in error that the mechanic’s lien is void, for the reason that the affidavit upon which it is based, was filed while the bank was the holder and owner of the notes, and while the' partnership was not the creditor of the owner of the premises and while the owner owed the money to the bank, and not to the partnership. It was strongly urged in oral argument that the partnership could not truthfully say under oath while the notes were outstanding, that any amount was due or payable to it for building the tanks.
' In Brooks v. Finney, 39 Ohio St., 57, where promissory notes had been taken in payment, of the amount due, it was held that no mechanic’s lien could thereafter be taken for such amount. Shortly thereafter the general assembly amended section 3185 so as to authorize the taking of such liens, in cases where promissory notes had been given for the amount due.
The general assembly has shown a, purpose-to go as far as it can, within the limits of the constitution, to protect mechanics, laborers and fur *340 nishers of materials in the collection of the amounts due them, and the statutes are so worded as to sweep away all technicalities in the remedy. Section 3185 provides that the mechanic, laborer or furnisher shall file “an affidavit containing an itemized statement of the amount and value of such labor, machinery or material * * * with all credits and off-sets thereon, a copy of the contract, if it is in writing, a statement of the amount and times of payment to be made thereunder, and a description of the premises, ’ ’ etc. Having made and filed such affidavit with the county recorder and caused it to be recorded, 'the-same shall “operate as a lien from the date of the first item,” etc.
It will be noticed that this statute requires no statement of the amount due or owing to the mechanic, laborer or furnisher, nor does it require a statement as to who owns the promissory notes. The lien is taken to secure the indebtedness, and the indebtedness, whether in the form of account or. note, will remain secured by the lien until payment, and when payment shall be made, the lien must be released, and upon refusal the same may be compelled by action. In the taking of the lien, it makes no difference who holds or owns the notes. When the owner of the property comes to make payment, he may be put to some little inconvenience in ascertaining the parties entitled to receive the same, and in obtaining a valid release of the lien, but such inconvenience is only an incident of the transaction, like garnishee process, and does not affect the property rights of the owner of the structure, and only diverts the money owing by him from one person to another. A like inconvenience arises when a note secured by mortgage is transferred without assigning the mortgage. In *341 such, case payment must be made to the holder, while the release of the mortgage must be obtained from the mortgagee.
The mechanic’s lien law has been amended from time to time, and each amendment evinces a purpose on the part of the general assembly to more effectually secure the mechanics, laborers and furnishers of materials, in the collection of the moneys earned by them. The object of the statute is to tie up the money owed by the owner of the structure, and make it a security for the indebtedness to, the mechanics, laborers and furnishers, and those holding under them, their, rights to the fund to be determined by the ordinary rules of law and equity; but the owner of the structure, and other lien-holders, cannot take advantage of the manner in which the indebtedness is held by others, to defeat the lien. If notes are accepted as payment, such payment as effectively discharges the indebt- • edness as a payment in ’cash, but as long as the indebtedness for erecting the structure exists unpaid, it may be secured by the taking out of a mechanic’s lien.
As the notes in question were not accepted as payment, it follows that, the partnership had the right to perfect its mechanic’s lien for the security of the. indebtedness, while the notes were owned and held by the bank, and the lien having been taken in time, and being in due form, should be upheld.
It follows that the circuit court did not err in awarding the money to the partnership. This conclusion is reached by a construction of our statute, but the following cases from other states also throw some light upon the subject.
*342 Palmer v. Uncas Mining Co., 70 Cal., 614; Bank v. Schloth, 59 Iowa, 316; Graham & Co. v. Holt, 4 B. Monroe, 61; Edwards v. Derrickson, 28 N. J. L., 39; Sweet v. James, 2 Rhode Island, 270; Steamboat Charlotte v. Hammond, 9 Mo., 59; Scott v. Ward, 4 (Greene’s) Iowa, 112; Hawley v. Warde, 4 (Greene’s) Iowa, 36, and Phillips on Mechanic’s Liens, section 278.
To the same effect is Building Association v. Kelsey, 11 Weekly Law Bulletin, 38.

Judgment Affirmed. ■