[Sac. No. 496.   Department Two.—May 25, 1899.]

In the Matter of the Estate of HENRY LORENZ, Deceased.
CHRISTINA SMITH et al., Appellants, v. F. J. LORENZ
et al., Respondents.

TRUST UNDER WILL—DISCRETIONARY POWER OVER PROFITS—STIPULATION
OF BENEFICIARIES—CONSENT TO DECREE OF DISTRIBUTION—APPEAL.—
Where the beneficiaries of a trust created by will, giving dis-
cretionary power to the trustee over the disposition of the profits
of the trust estate, stipulated for a decree of distribution to the
trustee requiring him absolutely, without discretion, to pay the
profits or interest on the trust funds to the beneficiaries at stated
periods, the decree, showing upon its face a valid trust, will not
be reversed upon appeal at the instance of the parties consenting
thereto, on the ground that the trust declared in the will is in-
valid; nor can they complain of error in the decree in departing
from the terms of the will which was induced by themselves.

APPEAL from a decree of the Superior Court of Trinity
County distributing the estate of a deceased ·person.   T. E.
Jones, Judge.

The facts are stated in the opinion.

Reddy, Campbell & Metson, for Appellants.

James W. Bartlett, for F. J. Lorenz, Executor and Trustee,
Respondent.

McKune & George, for Susan Lorenz, Widow, Respondent.

H. R. Given, for Minor Heirs, Respondents.

BRITT, C.—Appeal by three married daughters of Henry Lorenz from the order or decree of the court below making final distribution of the estate of their deceased father. The decedent left a will, by the terms whereof he gave to his surviving wife an estate for her life in all the property, real and personal, of which he had power of testamentary disposition, with remainder over to his ten children in shares and upon conditions stated in the will. The provision for appellants, so far as material to be stated here, was as follows: An undivided one-tenth of the remainder upon termination of the life estate was given to F. J. Lorenz, eldest son of the testator, "to hold in trust," such is the language of the will, "for my daughter Christina Smith, such trust to continue during the life of her husband"; the like disposition was made in favor of each of the other appellants by name; in case of the death or disability of said F. J. Lorenz, then John N. Lorenz, another son of the testator, was appointed trustee in his stead; the trustee was authorized to sell and convey such portions of the trust property as in his judgment the interests of the beneficiaries of the trust might require; he was also empowered to pay out of the profits of the trust property, or interest derived therefrom, such sums of money to said beneficiaries "as he deems necessary, advisable, and proper," and to expend such amounts out of the principal of the trust as the proper court might adjudge necessary to be expended for their support or the support of their children.

Said F. J. Lorenz was named executor of the will, and upon probate thereof he received letters testamentary, and has administered the estate. Pending the administration, viz., on November 25, 1895, said Christina Smith and the other married daughters of the testator, and said F. J. Lorenz and John N. Lorenz, executed a written instrument, which is recited in the decree appealed from, whereby they mutually agreed that it should be provided in the decree of distribution of the estate, when thereafter rendered, that the trustee for the said married women "shall pay the profits or interest on the trust fund of each of the said parties," naming the appellants, "to them semi-

annually, instead of paying the same to them as deemed necessary, advisable, and proper by the said trustee." And, accordingly, the decree in question was framed by the court so as to assign the shares of appellants in trust pursuant to the terms of the will, except that it commands the trustee to pay the profits or interest of the trust property to the beneficiaries as agreed in said instrument of November 25, 1895, and deprives him of any discretion in that behalf.

Appellants contend that a valid trust in real property can be created only for some of the purposes mentioned in section 857 of the Civil Code; that the trusts described in that section are all such as the trustee is imperatively required to perform in favor of the beneficiary; that by the provisions of the will here performance of the trusts which the testator attempted to create is left wholly discretionary with the trustee, and hence they are invalid. It is scarcely allowable, on the facts appearing, to decide whether either the statute or the will should receive the construction claimed by appellants.

By the contract of November 25, 1895, appellants stipulated, in effect, that the decree of distribution should require the trustee to pay absolutely to them, at stated intervals, the income of the trust estate, and the decree was entered conformably to the stipulation. Had such a direction been inserted in the will, there can be no question but that it would have supplied the imperative element supposed by appellants to be lacking from the trust, and would have brought the devise within the terms of subdivision 3 of said section 857 of the Civil Code, permitting the creation of a trust: "To receive the rents and profits of real property, and pay them to or apply them to the use of any person," etc. In consenting to the said provisions of the decree, the appellants consented to the establishment of the trust in F. J. Lorenz, for, obviously, he could pay to them no profits or income of the trust property unless he holds the property and can collect the income; the trustee must have an estate adequate to the execution of his duties. (*Morffew v. San Francisco etc. R. R. Co.*, 107 Cal. 587.) It follows, that to reverse the decree would be the reversal of a judgment entered by consent of parties; this will not be done; the decree was such as the court had jurisdiction to render, and, if it con-

tains error, as departing from the provisions of the will, it was yet error induced by appellants, and they cannot complain of it. (*Coryell v. Cain,* 16 Cal. 572; *Spinetti v. Brignardello,* 53 Cal. 281; *Erlanger v. Southern Pac. R. R. Co.,* 109 Cal. 395.) Appellants advance as a reason why their agreement should not estop them, that the court cannot establish an invalid trust, even with the consent of the beneficiaries. It is a sufficient reply to say that the trust expressed in the decree is not invalid; this is shown above.

The order appealed from should be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.