[S. F. No. 4878.    In Bank.—November 13, 1907.]

HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent,
v. JAMES A. WAYMIRE, Appellant.

APPEAL FROM CONSENT JUDGMENT—DISMISSAL.—Where a party who has
expressly consented to and stipulated for the making of a certain
judgment or order, attempts to appeal from the judgment or order
so agreed to and made in pursuance of the consent and stipulation,
the appellate court will not consider the appeal at all, but will
dismiss it on motion made in that behalf.

ID.—JUDGMENT FOR POSSESSION OF LAND—MISTAKE.—Where a judgment
in favor of the plaintiff for the possession of land is rendered in
pursuance of a stipulation therefor made by the defendant, and
the defendant appeals therefrom, it is no answer to a motion to
dismiss such appeal that the defendant at the time of signing the
stipulation had a mistaken opinion, induced by no fraud of the
plaintiff, as to the price at which the plaintiff would thereafter sell
him the property.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Alameda County.    William H. Waste,
Judge.

The facts are stated in the opinion of the court.

Welles Whitmore, for Appellant.

Tobin & Tobin, and H. L. Breed, for Respondent.

ANGELLOTTI, J.—This a motion to dismiss an appeal
taken by defendant on August 19, 1907, from a judgment made
and entered against him on May 7, 1907, on the ground that
such judgment was rendered and entered in pursuance of an
express written stipulation of the parties, which stipulation
contained an express waiver by defendant of his right to
appeal.

The action was one for the recovery of the possession of
certain real property, and costs of suit.    The prayer of the
complaint was: "Wherefore, plaintiff demands judgment
against defendant for the immediate possession of said real
property and the whole thereof, and for costs of suit."    The
record before us shows a written stipulation dated and filed

in the cause March 12, 1907, signed by the attorney for the plaintiff and by the defendant in *propria persona,* providing that the cause be continued to March 22, 1907, at ten o'clock A. M., and that at said time "judgment may be rendered and entered in favor of plaintiff and against defendant as in plaintiff's complaint prayed for, and it is further stipulated that defendant may have thirty days' stay of execution of the judgment so rendered." The stipulation contained a further provision as follows: "Defendant hereby waives his right to appeal from such judgment." The record further shows that on March 22, 1907, the court filed its decision in writing, expressly based on said stipulation, directing judgment for plaintiff for the immediate possession of said property and costs, a stay of execution for thirty days being granted, and that on May 7, 1907, the judgment appealed from, which is in precise accord with the terms of the stipulation, was entered by the clerk pursuant to such written decision. The judgment as entered by the clerk contains certain recitals to the effect that the cause was tried by the court, that witnesses were sworn and examined, and that the evidence being closed, the cause was submitted to the court for consideration and decision, but it fully appears from the other recitals that the judgment was entered solely in pursuance of the written decision and order filed on March 22, 1907, which decision and order are expressly referred to and made the basis of the judgment.

It is the universal rule that a judgment or order will not be disturbed on an appeal prosecuted by a party who expressly consented to the making thereof. This doctrine is established in this state by a long line of decisions. (See *Imley* v. *Beard,* 6 Cal. 666; *Meerholz* v. *Sessions,* 9 Cal. 277; *Brotherton* v. *Hart,* 11 Cal. 405; *Coryell* v. *Cain,* 16 Cal. 572; *Mecham* v. *McKay,* 37 Cal. 158; *La Societe, etc.* v. *Beardslee,* 63 Cal. 160; *Haskins* v. *Jordan,* 123 Cal. 162, [55 Pac. 786]; *Estate of Lorenz,* 124 Cal. 495, [57 Pac. 381]; *Pacific Paving Co.* v. *Vizelich,* 1 Cal. App. 283, [82 Pac. 82].) It is also settled in this state that where a party who has expressly consented to and stipulated for the making of a certain judgment or order, attempts to appeal from the judgment or order so agreed to and made in pursuance of the consent and stipulation, the appellate court will not consider the appeal at all, but will

dismiss it on motion made in that behalf. This was done in *Erlanger* v. *Southern Pacific R. R. Co.,* 109 Cal. 395, [42 Pac. 31], where the stipulation for judgment was practically the same as here, and also in *Oullahan* v. *Morrissey,* 73 Cal. 297, [14 Pac. 864]. In *San Francisco Savings Union* v. *Meyer,* 72 Cal. 161, [13 Pac. 403], a motion to dismiss on this ground was entertained, and the motion was denied solely because the record was held not to show a consent judgment. (See, also, *Oliver* v. *Blair* (Cal.), 5 Pac. 917.)

The affidavit of defendant presented in answer to the motion does not state any facts that would warrant us in disregarding the stipulation. It appears therefrom that there had sometime previously been an agreement between him and plaintiff under which he was to be allowed to purchase the property for eighteen thousand dollars, and on which he had paid twelve hundred dollars. This agreement, so far as appears, was no longer in force at the time of the commencement of this action. Defendant says in effect in his affidavit simply that he "signed the stipulation for judgment with the understanding" that he could still purchase the property from plaintiff for the unpaid portion of the eighteen thousand dollars, viz: sixteen thousand eight hundred dollars, and that not until after the entry of judgment was he informed that he could not have the property for that price, or for anything less than twenty-two thousand five hundred dollars. Even if the stipulation entered into could be so attacked on an appeal from a judgment given by consent in pursuance thereof when it was never assailed in the lower court, which is not conceded, there is nothing in the matters stated in the affidavit that would justify a court in setting it aside. The mere mistaken opinion of the defendant at the time of signing the stipulation for judgment as to the price for which the plaintiff would thereafter sell the property, induced by no fraud of the plaintiff, would not warrant any relief from the judgment in any proceeding.

We can perceive no good answer to the motion to dismiss.

The appeal from the judgment is dismissed.

Sloss, J., Shaw, J., Lorigan, J., McFarland, J., and Henshaw, J., concurred.