[Civ. No. 973.  Second Appellate District.—May 23, 1911.]

W. H. KRITZER, Respondent, v. TRACY ENGINEERING CO., a Corporation, et al., Defendants; ORANGE BLOSSOM MINING & MILLING COMPANY, a Corporation, Appellant.

APPEAL FROM JUDGMENT — ABSENCE OF FINDINGS — PRESUMPTION OF WAIVER.—Upon appeal from the judgment, upon the judgment-roll alone, where no findings appear therein, it cannot be presumed that the mere absence of findings constitutes error. Every intendment goes to support the judgment; and since findings of fact may be waived, in the absence of some affirmative showing to the contrary, by bill of exceptions or in other appropriate manner, the presumption arises that they were waived.

ID.—RECITAL OF WAIVER IN JUDGMENT—FAILURE TO APPEAR—CONCLUSIVENESS UPON APPEAL.—A recital by the court in the judgment appealed from that findings of fact and conclusions of law were waived by the failure of the defendant to appear and participate in the trial must, in the absence of any showing to the contrary, be regarded as conclusive.

ID.—MINUTE ENTRY BY CLERK NOT PART OF JUDGMENT-ROLL NOT CONSIDERED.—A minute entry by the clerk which forms no part of the judgment-roll, a copy of which is brought up in the transcript, cannot be considered for any purpose, upon an appeal taken upon the judgment-roll.

ID.—MECHANIC'S LIEN — FORECLOSURE — GENERAL DEMURRER TO COMPLAINT OVERRULED BY CONSENT — JUDGMENT AGAINST LAW — ESTOPPEL UPON APPEAL.—Where, in an action to foreclose a mechanic's lien, a general demurrer to the complaint was overruled by consent of the defendant, the defendant cannot be heard to complain upon appeal that the judgment thereon was erroneous, as being against law.

ID.—VALIDITY OF CLAIM OF LIEN—CONTRACT TO REPAY TRAVELING EXPENSES.—A claim of a lien for work and labor performed pursuant to a contract properly included money paid for traveling expenses to and from the place of work, where such expenses are expressly provided for in the contract, and constitutes a part of the contract for the reasonable value of services rendered.

ID.—ADJUDICATION OF BANKRUPTCY OF DEFENDANT AFTER ANSWER—TRUSTEE NOT A NECESSARY PARTY TO FORECLOSURE OF LIEN.—The adjudication of the defendant in bankruptcy subsequent to the filing of its answer cannot affect the foreclosure of the lien against its property by the plaintiff, nor require that the trustee should be

made a party to the action, where no personal judgment is sought against the defendant.

ID.—LIEN UPON MINE AND MILLSITE AS ONE PLANT.—Where the mine and millsite of the defendant are connected together as one plant, and where the contract with the defendant was for work and labor performed upon the entire plant considered as one property, so that it was impossible to designate the work and labor as being performed upon distinct parts thereof, the lien was properly enforced upon the one plant covering all the improvements thereon.

ID.—OWNER ONLY CONCERNED—ABSENCE OF OTHER LIEN CLAIMANTS.— Where the plaintiff's claim of lien is the only one to be considered, there being no other lien claimants, and only the owner is to be considered in the enforcement of the lien, the enforcement of the amount thereof upon the entire plant, considered as one property, even if it could be otherwise considered, could give the owner no concern or cause of complaint.

ID.—LIEN OF FOREMAN.—A foreman, employed as such by the defendant on a monthly salary in the construction and installation of the power and milling plants, has a lien thereon for the value of his services as tending directly to develop the property.

APPEAL from a judgment of the Superior Court of San Bernardino County. George H. Hutton, Judge presiding.

The facts are stated in the opinion of the court.

Sidney J. Parsons, for Appellant.

Cryer & Tuttle, for Respondent.

SHAW, J.—Action to foreclose a mechanic's lien.

Judgment went for plaintiff, from which the defendant Orange Blossom Mining and Milling Company appeals upon the judgment-roll alone. It appears from the complaint that at the times in question the Orange Blossom Mining and Milling Company owned ten contiguous mining claims consolidated and operated as one mine, known as the Orange Blossom Mine, and also owned a millsite located at Bagdad Station, nine miles distant from said mine. That defendant entered into a contract with the Tracy Engineering Company whereby the latter, for the gross sum of money therein specified, agreed to erect and construct a power plant upon said millsite, and erect and construct upon the mining

claim known and designated as the Orange Blossom claim a stamp-mill and install certain mining machinery, appurtenances and fixtures, together with a transmission line extending from the power plant at Bagdad Station to the power-house and improvements to be constructed upon the Orange Blossom Mining Claim, and to furnish the materials and labor necessary in the construction and completion of said work. That said Tracy Engineering Company employed plaintiff to act as foreman of the construction work so undertaken and agreed to be performed by it, under the terms of which employment plaintiff was to render services as foreman and superintendent in the construction of said work and improvements, and in consideration for such services the Tracy Engineering Company promised and agreed to pay plaintiff therefor the sum of $200 per month while so employed, together with his traveling expenses from the city of New York to Bagdad, California, and return therefrom to New York upon the completion of the plant. That plaintiff entered upon said work, and between the twenty-fourth day of March, 1908, and the twenty-fourth day of November, 1908, performed the work and labor of superintending the erection, construction and installation of said improvements so agreed to be constructed and installed by the Tracy Engineering Company, and in the capacity of such foreman and superintendent performed eight months' labor thereon, which said work and labor actually entered into the construction of said improvements so made upon said millsite and mining properties, and that the reasonable value of the labor and services so done and performed was the amount so agreed upon, to wit, $200 per month and his traveling expenses to and from New York City, amounting to the sum of $226.08, and making a total of $1,826.08 due to him for such work and labor so performed, upon which there was paid the sum of $201.81 and no more; that said work and improvements were fully completed and possession thereof delivered to the defendant, Orange Blossom Mining and Milling Company, on November 22, 1908; followed by sufficient allegations of the filing of a duly verified claim of lien in form and containing a statement of the matters and things required by statute.

1. Appellant assigns as error the fact that the court made no findings, and it insists that they were not waived. We

cannot presume that mere absence of findings constitutes error. Every intendment goes to support the judgment, and, since findings of fact may be waived (Code Civ. Proc., sec. 634), then, in the absence of some affirmative showing to the contrary, by bill of exceptions or in other appropriate manner, the presumption arises that they were waived. (*Mulcahy* v. *Glazier*, 51 Cal. 626; *Campbell* v. *Coburn*, 77 Cal. 36, [18 Pac. 860].) Appellant directs our attention to a minute entry made by the clerk, a copy of which is brought up in the transcript. This, however, is no part of the judgment-roll, for the reason that it relates neither to an order striking out pleading, nor one made on demurrer. (Code Civ. Proc., sec. 670.) Even were it so regarded, it does not show that findings were not waived. Moreover, the judgment states that findings of fact and conclusions of law were waived by the failure of the defendant, Orange Blossom Mining and Milling Company, to appear and participate in the trial. This recital by the court must, in the absence of any showing to the contrary, be regarded as conclusive.

2. It is next contended that plaintiff could have no right to a lien for his traveling expenses to and from New York, and that including the amount of such expenses in his claim of lien rendered the same void. Therefore, it is contended the complaint was obnoxious to the general demurrer interposed by defendant and rendered the judgment against law. As to this point, it is sufficient to say that the demurrer was overruled by consent; hence, if the judgment was erroneous by reason of being against law, defendant, having consented thereto, cannot be heard now to complain upon such ground (*Erlanger* v. *Southern Pac. R. R. Co.*, 109 Cal. 395; [42 Pac. 31] ; *Estate of Lorentz*, 124 Cal. 495, [57 Pac. 381]). Neither does the record disclose any fact which renders the lien void. The complaint sets forth the contract made between plaintiff and the Tracy Engineering Company, from which it appears that the latter agreed to pay him for eight months' labor and work performed the sum of $1,826.08; that the sum of $201.81, and no more, had been paid thereon, leaving a balance unpaid of $1,624.27. This sum of $1,826.08 included the sum of $226.08 paid by plaintiff for transportation to and from New York, but it was as much a part of the compensation agreed to be paid to him under the terms of the

contract as was the $200 per month. He claimed no lien for it as traveling expenses, but claimed a lien for the full amount on account of the labor and work performed by him pursuant to the terms of the contract, alleging said sum to be the reasonable value of the services performed, and the court so found. A different case would be presented if those who furnished the transportation were claiming, or seeking to enforce, a lien therefor.

3. Section 389, Code of Civil Procedure, provides that, "when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and to that end may order amended and supplemental pleadings, or a cross-complaint to be filed, and summons thereon to be issued and served." It is claimed that at the time of the trial defendant had been adjudicated a bankrupt. Appellant insists that before proceeding with the trial it was the duty of the court, as provided in said section 389, to make an order bringing in the trustee in bankruptcy as a party defendant. There is no pleading and nothing of record showing that defendant had been adjudicated a bankrupt, or that a trustee in bankruptcy had been appointed. Conceding, as claimed by appellant, that such fact appears from the minute entry made by the clerk, a copy of which is printed in the transcript, nevertheless, as heretofore stated, this minute entry is no part of the judgment-roll and cannot be considered upon this appeal for any purpose. Assuming as true, however, the alleged fact that defendant had been adjudicated a bankrupt subsequent to the filing of its answer, we are unable to perceive why the presence of the trustee was necessary to a complete determination of the controversy, since the action was merely to foreclose an existing lien held by plaintiff, there being no demand for a personal judgment.

4. Another alleged error assigned is the fact that the court decreed a foreclosure of the lien upon two separate and distinct pieces of property—the Orange Blossom Mine and the millsite. This contention is based upon section 1188, Code of Civil Procedure, which provided that, "In every case, in which one claim is filed against two or more buildings, mining claims, or other improvements owned by the same person, the person filing such claim must at the same time designate

the amount due to him on each of such buildings, mining claims, or other improvements; otherwise the lien of such claim is postponed to other liens.   The lien of such claimant does not extend beyond the amount designated, as against other creditors having liens . . . upon the land upon which the same are situated."   As appears here, the improvements made by the Tracy Engineering Company upon both the mine and millsite constituted one plant, and for which the defendant agreed to pay the gross sum specified in the contract for the construction of the same as a whole.   The work done and performed by plaintiff was under and by virtue of one contract for the performance of labor upon the entire work, and therefore it was impossible to designate the amount due to plaintiff for work and labor performed upon each of such properties; and, hence, nothing could be due him upon each thereof.   His claim was upon the entire plant covering all the improvements.   (*Southern Cal. Lumber Co.* v. *Peters,* 3 Cal. App. 478, [86 Pac. 816].)   Moreover, even if this was not true, and conceding the work was done upon distinct and separate properties under separate contracts, nevertheless, since there were no other lien claimants, whose rights could be affected, it was not a matter which concerned defendant as owner of the property, and hence, in no event, has it a cause for complaint.   (*Booth* v. *Pendola,* 88 Cal. 36, [23 Pac. 200, 25 Pac. 1101]; *Dickenson* v. *Bolyer,* 55 Cal. 285.)

5. It is finally contended that plaintiff could have no lien upon the property for work and labor performed in the construction of the plant so contracted to be erected upon the property by the Tracy Engineering Company, for the reason that said work and labor was done and performed as foreman.   The complaint states a cause of action, and, among other things, alleges that plaintiff in the capacity of foreman performed eight months' labor in the construction and installation of the power and milling plants, and that said work and labor was actually performed upon and entered into the construction of the same.   Since the evidence is not before us, we must presume that it fully established the facts alleged in the complaint.   This question was before the supreme court of Nevada (*Capron* v. *Strout,* 11 Nev. 310), and the court there said, Beatty, Judge, writing the opinion: "It is

argued that the intention of the law was to secure those only who perform labor upon the mine with their hands; that to give it a wider construction, one that will make it include the wages of a foreman like Stuart, will make it cover the case of a general superintendent and other officers of a corporation, and thereby impair the remedy of those who are the special objects of the legislative care. . . . According to the findings, he certainly did work in the mine, though not with his hands, and it is clear that the direct tendency of his work was to develop the property. We think the foreman of work in the mine is as fully secured by the law as the miners who work under his direction.'' To the same effect is *Cullins* v. *Mining Co.,* 2 Utah, 219, which is affirmed in same case, [*Mining Co.* v. *Cullins*], 104 U. S. 176, [26 L. Ed. 704]. These cases were decided under statutes almost identical with section 1183, Code of Civil Procedure. (See, also, *Palmer* v. *Uncas Min. Co.,* 70 Cal. 614, [11 Pac. 666]; *Williams* v. *Hawley,* 144 Cal. 97, [77 Pac. 762]; *Pendergast* v. *Yandes,* 124 Ind. 159, [24 N. E. 724, 8 L. R. A. 849].)

Appellant directs our attention to no ground justifying a reversal of the judgment. It is therefore affirmed.

Allen, P. J., and James, J., concurred.