SANDERS, PHILIPPI, LTD., PLAINTIFF AND APPELLANT, *v.* WIDOW OF BAIGÉS & SONS, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action of Debt.—Memorandum of Costs.

No. 3132.—Decided February 29, 1924.

COSTS—CONSENT JUDGMENT.—When a party evinces no disposition to raise any issue, but, on the contrary, explicitly suffers judgment to be taken against him, there is no real issue and no appeal; therefore, as a general rule the party favored by the judgment with costs may file his memorandum of costs immediately after judgment.

The facts are stated in the opinion.

*Messrs. Garcia Méndez & Garcia Méndez* for the appellant.

*Mr. P. Baigés Gómez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 17th of January, 1923, the parties to this suit filed a stipulation by virtue of which the defendants agreed, in substance, that if they did not come to an agreement with the complainant on or before the 28th day of January, 1923, judgment should be rendered for the complainant. Accordingly, on the 25th of February, 1923, the court rendered judgment for the complainant. On the 27th of February, 1923, the complainant filed a memorandum of costs which the defendants opposed and moved to strike, among other reasons because the said memorandum was prematurely filed. The court agreed with the defendants and struck out the memorandum. The complainant appealed. The appellee did not appear and filed no brief.

Act No. 15 of November 19, 1917, says:

"Delivery of such memorandum shall be made within the ten days following that on which the term for appeal of the judgment rendered in the case shall have expired, in case no appeal shall have been taken; if an appeal has been taken said delivery shall be made within the ten days following that on which the court rendering judgment in the first instance shall have received official advice of the decision rendered on appeal in the last instance."

In previous acts the successful party entitled to costs was bound to file his memorandum within ten days after the final judgment. This was felt to be an inconvenience and sometimes a waste of time, especially if the judgment should be reversed. The successful party may and should present his memorandum within ten days after the judgment has become unappealable. *Empresa Teatral Ponceña* v. *Municipality of Ponce,* 30 P. R. R., 499.

The appellant, however, insists that there was no right of appeal in this case, because the judgment was obtained by consent and hence that the memorandum was susceptible of being filed immediately after judgment. We think appellant is right. Where a party evinces no disposition to raise any issue, but, on the contrary, as here, explicitly suffers judgment to be taken against him, there is no real issue and no appeal. *Hibernia Savings and Loan Society* v. *Waymire,* 152 Cal. 286, 92 P. 645; Sutherland on Code Pleading, Vol. 2, p. 1107, Sec. 1687; 2 R. C. L. 59, and cases in note 7, p. 60; 3 Corpus Juris, 546, 604, 608. There are perhaps certain exceptions pointed out by the authorities as where the losing party's consent has been induced by some previous action of the court, like the overruling of a demurrer.

The order appealed from will be

*Reversed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.