ANGEL CARRIÓN, Plaintiff and Appellant, *v.* CARMEN MARÍA NADAL-CARRIÓN,. Successor of CRISTINA CARRIÓN OTERO, Defendant and Appellee.

No. 3582. Argued May 5, 1925.—Decided May 29, 1925.

1. DEBT—RETRAXIT—CONFESSION OF JUDGMENT—APPEAL.—When a plaintiff voluntarily makes a motion of retraxit it amounts to a confession of judgment from which he has no right of appeal.

2. ID.—ID.—ID.—COSTS.—On motion of retraxit by the plaintiff a memorandum of costs may be filed immediately after judgment is entered allowing costs.

3. ID.—COSTS—ATTORNEY'S FEES—DISCRETION OF COURT.—When nothing substantial is alleged to show the excessiveness of the amount of attorney's fees allowed and the proceedings in the principal action indicate the proper exercise of discretion the judgment will be affirmed.

District Court of Mayagüez, Angel Acosta, J. Judgment for the defendant in an action of debt. *Affirmed.*

A. *Nazario Lugo* for the appellant. *Angel A. Vázquez* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Angel Carrión brought an action of debt in the District Court of Ponce against Carmen María Nadal to recover the sum of $13,440 with interest and costs.

The defendant demurred to the complaint on the ground of failure to state a cause of action and at the same time moved that the case be transferred to the District Court of Mayagüez. The change of venue was ordered and thereupon the plaintiff moved to be allowed to withdraw his action. The court sustained the motion and entered judgment against the plaintiff for the costs, in accordance with subdivision 1 of section 192 of the Code of Civil Procedure.

Thereafter the defendant filed a memorandum of costs including an item of $500 for attorney's fees. That item was objected to as excessive and the judgment of the court reduced it to $200.

The judgment was appealed from and it is assigned as error (1) that the filing of the memorandum was premature because the plaintiff had not been given notice of the judgment against him in the principal action for the costs and (2) that even the allowance of $200 was excessive.

[1, 2] The plaintiff voluntarily made a motion of retraxit and thereby consented to a judgment of dismissal with costs. It would seem logical that as the judgment was rendered on his motion and with his consent, he was estopped from appealing therefrom. It is so held by the authorities as follows:

"If a party consents to the rendition of a particular judgment,

decree, or order, he cannot appeal therefrom or have it reviewed on a writ of error. Thus, for example, a judgment of dismissal or nonsuit rendered at the request of the plaintiff is not, as a general rule, reviewable at his instance.'' 2 R.C.L. 59–60.

In the case of *Sanders, Philippi, Ltd.,* v. *Widow of Baigés & Sons,* 32 P.R.R. 786, which was similar to the present case, the same doctrine was laid down, the court holding:

"The appellant, however, insists that there was no right of appeal in this case, because the judgment was obtained by consent and hence that the memorandum was susceptible of being filed immediately after judgment. We think appellant is right. Where a party evinces no disposition to raise any issue, but, on the contrary, as here, explicitly suffers judgment to be taken against him, there is no real issue and no appeal. *Hibernia Savings and Loan Society* v. *Waymire,* 152 Cal. 286, 92 P. 645; Sutherland on Code Pleading, Vol. 2, p. 1107, Sec. 1687; 2 R.C.L. 59, and cases in note 7, p. 60; 3 Corpus Juris, 546, 604, 608. There are perhaps certain exceptions pointed out by the authorities as where the losing party's consent has been induced by some previous action of the court, like the overruling of a demurrer.''

[3] As regards the second assignment, it will be a sufficient answer to say that the appellant makes no substantial allegation to show that the amount allowed for attorney's fees is excessive and, on the contrary, the proceedings in the principal action show that the district court properly exercised its discretion in fixing the amount of attorney's fees.

For the foregoing reasons the judgment must be affirmed.