[No. 13228.   In Bank. — September 30, 1889.]

MARY ROMINE, RESPONDENT, *v.* L. J. CRALLE ET AL., APPELLANTS.

APPEAL — DISMISSAL — MODIFICATION AFTER REMITTITUR. — The supreme court has power to modify an order dismissing an appeal, by making it read "without prejudice," so as to permit the prosecution of a second appeal, notwithstanding the *remittitur* has issued before the modification is made.

ID. — NON-APPEALABLE ORDER — MOTION TO REHEAR — NEW TRIAL MOTION. — When a motion for a new trial has been heard and denied, and no appeal is taken from the order within sixty days, an order denying a motion to call it up again for hearing thereafter is not an appealable order, and an appeal therefrom will be dismissed.

ID. — REVIEW ON APPEAL — VALIDITY OF ORDER DENYING NEW TRIAL — AUTHORITY OF ATTORNEY. — An order denying a new trial cannot be regarded as void because the motion was heard in the absence of one of the attorneys of record, if another attorney of record, who signed the answer of the moving party, appeared in behalf of the motion. The appellate court cannot go behind the record to consider the authority of an attorney who acted as such in the court below.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

Motion to dismiss appeal. The facts are stated in the opinion of the court.

*John F. Burris, Carroll Cook,* and *R. M. Swain,* for Appellants.

*Laughlin & Thompson,* for Respondent.

THORNTON, J.—Motion by respondent (plaintiff in court below) to dismiss two appeals. One of these appeals is from the judgment, and the other from the order denying a new trial. The appeal from the judgment is the second appeal from it.

It appears that on the eighteenth day of January, 1889, an appeal from the judgment in this case was dismissed. On the next day the *remittitur* was sent to the court below. On the 22d of the same month the order dismissing the appeal was, on motion of appellant's counsel, modified so as to read "*without prejudice.*"

It is now urged that this court had no power to modify the order of dismissal after the *remittitur* had been issued. But we are of opinion that this court had, notwithstanding this fact, power over the order, and to modify it so as to permit the prosecution of a second appeal. The matter of prosecuting a second appeal from the judgment was one peculiarly within the power of this court, with the exercise of which power the lower court had no concern. This court could, in the exercise of its discretion, allow the plaintiff to prosecute a second

appeal, and it was not divested of such power by the issuance. of the *remittitur* on the dismissal of a prior appeal. The modification was one still within its discretion. We think the modification of the order of dismissal was properly made. Therefore, the motion to dismiss the appeal from the judgment is denied.

It is asked that the appeal from the order denying a new trial should be dismissed, for the reason that a motion for a new trial had been made at a prior day, and was heard and denied by an order entered on the fifteenth day of October, 1888. To this order defendant (appellant), by his counsel, excepted, but no appeal was taken from it.

The notice of this motion was served and filed on the 8th of October, 1888.

On the 25th of February, 1889, this motion was again called up for hearing, when objection was made by counsel for plaintiff that it had been heard and decided on the fifteenth day of October, 1888, and should not be heard, and if heard, should be denied. Thereupon the court denied the motion.

It is objected that the order of the 25th of February, 1889, is not an appealable order. This contention must be sustained. The appeal should have been taken from the order of the 15th of October. As an appeal from the order last named, as it was taken more than sixty days after it was made, it was too late.

It is said that the order of the 15th of October, denying the motion for a new trial, should be regarded as void, because it was made in the absence of one of the attorneys of record. But another of the attorneys of record appeared for the moving party. It is said that the latter attorney was not authorized to appear. The record shows no lack of authority. He signed the answer of the defendant (the moving party) as one of his attorneys. If he was not authorized to appear, that should have been inquired into by the court below. We can-

not consider it. The record filed herein shows that he had authority, and this court cannot go behind the record.

The motion to dismiss the appeal from the judgment is denied, and the motion to dismiss the appeal from the order denying a new trial is granted. So ordered.

McFarland, J., Fox, J., Sharpstein. J., Works, J., and Paterson, J., concurred.