· [L. A. No. 1450.    Department One.—June 24, 1904.]

JAMES ·BRACKEN and MARY BRACKEN, His Wife, Appellants, v. SOBRA VISTA OIL COMPANY, Respondent.

CONTRACT TO SELL OIL LANDS—TIME OF ESSENCE—ENCUMBRANCE—
    DEDUCTION FROM PRICE—DELIVERY OF DEED—LIQUIDATED DAMAGES.
    —Where a contract for the sale of a whole tract of oil lands for a
    gross sum made time of the essence, and provided that if a known
    encumbrance preventing wells within three hundred feet of adjoin-
    ing lands should be removed within six months the full price should

be paid, otherwise deduction of the amount of acreage within that distance should be made at an agreed price per acre from the purchase money, which was made for default of such removal when the deed was finally delivered, without objection by the vendors, the amount of the deduction is to be regarded as liquidated damages for such default, and the vendors were thereafter under. no obligation to remove the encumbrance.

ID.—SUBSEQUENT VOLUNTARY PAYMENT BY VENDORS—ABSENCE OF REMEDY.—Where the vendors, about nine months subsequently to the deduction agreed upon and the delivery of the deed, made a voluntary payment for a release of the encumbrance, they can neither demand payment of the amount of the deduction, nor compel a reconveyance of the acreage deducted, nor maintain an action to quiet title to such acreage.

APPEAL from a judgment of the Superior Court of Ventura County. Felix W. Ewing, Judge.

The facts are stated in the opinion.

J. L. Murphey, for Appellants.

John A. Percy, for Respondent.

COOPER, C.—Action to quiet title to 3.85 acres of land. The defendant's demurrer to the amended complaint was sustained, and upon plaintiffs declining further to amend judgment was entered for defendant. This appeal is from the judgment, and the sole question is as to the ruling on the demurrer.

The amended complaint states, in substance, that on the twenty-seventh day of February, 1901, the plaintiffs were the owners of the tract of land described in the amended complaint containing 20.10 acres, and on the same day they entered into a written agreement with defendant, whereby they agreed to sell, and defendant agreed to buy, the oil and mineral rights in the said land for the sum of six thousand dollars, of which sum one thousand dollars was to be paid down, one thousand dollars within thirty days from the date of the agreement, and four thousand dollars within five months thereafter.

The agreement provided that the plaintiffs should execute a proper deed to the land, and deposit the same with the bank of William Collins & Sons, at Ventura, to be delivered to defendant upon its making full payment of the purchase price

according to the terms of the agreement. The deed was executed and left with the bank as per agreement. The agreement provided that ''time shall be of the essence of this contract,'' and that if the defendant should fail to make the payments in full as provided in the agreement, then the sums already paid should be forfeited to the plaintiffs.

The defendant was permitted under the agreement to immediately enter into possession, sink wells, and proceed with the development of the said land, and it did so enter into possession. Prior to the time of making the said agreement and delivering the said deed in escrow, the plaintiffs had encumbered a small part of the tract, by a lease to Edward Double et al. of certain other lands, in which lease plaintiffs had agreed that no oil wells should be sunk upon the lands of plaintiffs within three hundred feet of the wells to be sunk by said Edward Double et al. upon the lands so leased to them. As the following clause in the agreement is the one upon which plaintiffs predicate their claim, it is deemed necessary to state it in full, and it reads as follows: ''And whereas in the lease from James Bracken herein to Edward Double et al., dated September 27th, 1900, it was agreed that no wells should be sunk on the lands of James Bracken within 300 feet of the wells of said lessees or their assigns, and whereas the lands so leased to said Double et al. touch a portion of the northern boundary-line of the premises herein described, it is agreed between the parties hereto that a survey shall be made by John A. Barry, Civil Engineer at Ventura, and for all the land above described within 300 feet of the line of said lease there shall be deducted from the last payment to be made thereon a sum of money equal to $300 per acre, said survey to be binding upon the parties hereto, and the certificate of the surveyor to be furnished both parties hereto and the bank, and which certificate shall designate the exact number of acres, and showing the exact amount to be deducted from the last payment of said purchase price, it being agreed, however, that if within six months from this date two thirds of the stockholders of the Whidden & Double Oil Co., the assignees of Edward Double et al., consent in writing to the waiver of said 300-foot clause in said lease, then there is to be no deduction, but the full purchase price is to be paid.''

The plaintiffs did not procure the consent in writing to the waiver of the three-hundred-foot clause in the Double lease within the six months, nor were they required to procure it afterwards. In pursuance of the said clause herein quoted, the parties procured said Barry to survey and ascertain the amount of land affected by the lease to Double et al., and the said Barry found the same to be 3.85 acres, and in his certificate stated that the amount at three hundred dollars per acre was $1,155. On the twenty-sixth day of October, 1901, defendant paid the balance of the six thousand dollars, less $1,155, and demanded the deed of the bank. The deed was delivered to defendant and placed on record. It does not appear that plaintiffs at the time of the last payment made any objection to the deduction of the $1,155. Knowing the facts and the amount so deducted, the plaintiffs accepted the balance and made no objection to the deed being delivered. On the fourteenth day of May, 1902, without the request of defendant, the Whidden-Double Oil Company, which had succeeded to the rights of Edward Double et al., conveyed to plaintiffs all its interest and title to the 3.85 acres, and released the same from the effect of the lease made by plaintiffs to Edward Double et al., which conveyance or release was placed of record by plaintiffs. Prior to the commencement of this action, which was December 29, 1902, the plaintiffs demanded of defendant that it pay to them the sum of $1,155, or that it reconvey the said 3.85 acres, all of which it refused to do. Judgment is prayed that defendant be debarred from all claim to the 3.85 acres, and that it be required to reconvey the same to plaintiffs.

The demurrer was properly sustained. The defendant purchased the oil in the land for the lump sum of six thousand dollars. There was no sale at so much per acre. The amount deducted was from the last payment, as liquidated damages, agreed to by the parties in case plaintiffs could not release the 3.85 acres within six months. They agreed that the $1,155 might be deducted, unless they did a certain thing in a certain time. They did not do the thing within the time, and the $1,155 was deducted. They made the agreement, and must be held to its terms. Any other rule would leave business transactions uncertain and lead to endless litigation. After the six months expired the purchase price of the land

became $4,845. Defendant agreed to pay six thousand dollars for a clear title to what it was buying, but if the title was not clear it was only to pay the $4,845. This latter sum it paid, and plaintiffs accepted it. Defendant was bound to take the land whether the title to the 3.85 acres was cleared or not. Plaintiffs were bound to accept the amount expressly agreed upon in case they did not clear it. After the six months there was no obligation upon plaintiffs to procure the release. As the release was not procured until nearly nine months after the expiration of the six months, the defendant may have been damaged more than the $1,155 by the delay. It could not sink wells nor bore for oil in the 3.85 acres during said nine months. Particularly is this so when the contract provides: "It is mutually agreed that time shall be the essence of this contract." There is no suggestion of fraud nor mistake in the complaint. The contract did not mean that defendant should purchase less than the 20.10 acres. Plaintiffs agreed to convey, and did convey, the oil and mineral in the whole tract for a gross sum. The agreement as to the encumbrance on the 3.85 acres affected the price to be paid, but not the quantity of land to be conveyed. The agreement contained the covenant that the grantors "are lawfully seized of the tract of land above described in fee simple unencumbered." The bargain-and-sale deed made by plaintiffs and the covenant of title contained in the agreement, if not modified by the further provisions of the agreement made at the same time, would have carried with them the covenant that the grantors had not created any encumbrance on the property. But the agreement shows that the parties knew precisely the kind of encumbrance that had been created as to a portion of the land, and provided for a reduction of the price in case it should not be removed within a certain time. As to whether or not it was removed after the expiration of time limited, and the delivery of the deed upon payment of the reduced price, was no concern of plaintiffs. The provision for a reduction of the price, when fully carried out by such delivery of the deed, operated as a full satisfaction of the covenant of title expressed in the agreement and implied by the deed. Thereafter the grantees held the property conveyed subject to an encumbrance which the grantors were under no obligation to

pay, and they could not make the grantee their debtors by a voluntary payment.

We advise that the judgment be affirmed.

Harrison, C:, concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.      Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.