[No. 10.    Third Appellate District.—May 29, 1905.]

A. BOYER, Appellant, v. PACIFIC MUTUAL LIFE IN-
SURANCE COMPANY OF CALIFORNIA, PHILIP
BRUNER, ROSELLE BRUNER, his Wife, and J. O. B.
GUNN, Respondents.

EJECTMENT—TITLE UNDER FORECLOSURE—PUBLICATION OF SUMMONS—
EVIDENCE—JUDGMENT-ROLL—AFFIDAVIT AND ORDER NOT INCLUDED.
—In an action of ejectment, where judgment was rendered for
defendant under title acquired through foreclosure of a mortgage
upon publication of summons against the owner of the mortgaged
property in the year 1894, the admission in evidence of the judg-
ment-roll as such by the court did not include the admission of
the inadmissible affidavit and order for publication, though wrong-
fully attached to the judgment-roll by the clerk and offered by
the defendant, and not objected to by the plaintiff; and no defect
in the affidavit and order can be considered.

ID.—DUTY OF COURT AS TO EVIDENCE.—The duty of the court is not
confined to passing upon such evidence as may be objected or
excepted to, but extends to the preservation of the rights of liti-
gants and a proper disposition of the matter in controversy.

ID.—PUBLICATION AFTER RETURN OF SUMMONS—PRESUMPTION AS TO
ALIAS SUMMONS.—Where the publication of summons was made
after the original summons was returned, it will be presumed upon
appeal where nothing appears on the face of the record to the
contrary that an *alias* summons was issued.

ID.—PAYMENT OF TAXES ASSESSED TO FORMER OWNER OF MORTGAGED
PROPERTY.—Where one of the other defendants claiming under the
insurance company defendant, which acquired title under fore-
closure, paid taxes for a certain fiscal year which were assessed
to the owner of the mortgaged property while he was in possession,
such payment cannot inure to the benefit of such former owner.

APPEAL from a judgment of the Superior Court of So-
noma County.    Albert G. Burnett, Judge.

The facts are stated in the opinion of the court.

A. Boyer, James P. Sweeney, and James H. Boyer, for Ap-
pellant.

Fox & Gray, and J. M. Thompson, for Respondents.

McLAUGHLIN, J.—This is an action in ejectment.    Judg-
ment having passed for defendants, the plaintiff appealed

from the judgment, and in his bill of exceptions specifies that the evidence is insufficient to sustain the findings of the court relating to the title and right of possession to the land in dispute. The facts essential to a decision are as follows:—

On September 19, 1890, one H. J. Fouts owned the land in controversy, and on said day executed and delivered to the defendant insurance company his note for three thousand dollars, secured by a mortgage upon said land. The title of Fouts passed by mesne conveyances to one Hellwegan, subject to the mortgage, and plaintiff claims title under a deed from Hellwegan dated June 30, 1900.

On July 13, 1894, an action to foreclose said mortgage was commenced, Hellwegan and his wife being made parties defendant. Summons was returned October 24, 1894, the return showing personal service on all the defendants except Hellwegan. On the same day an affidavit for publication of summons was filed, and the order for publication issued. Every step in the service of summons by publication is admitted to be correct, except that it is claimed that such order for publication is void, because the affidavit is insufficient.

There is a sharp conflict in the briefs as to the admission of said affidavit and order in evidence upon the trial of the case. Appellant claims that they were, and respondent that they were not, admitted.

During the trial of the case at bar counsel for defendants offered in evidence the *judgment-roll* in the foreclosure suit, and in making such offer enumerated a number of papers, among them the *affidavit and order for publication.*

No objection was made, and the court then said: ''Very well, received in evidence, and considered as read and marked —*that is the judgment-roll in the case of Pacific Mutual Life Insurance Company* v. *Fouts.''*

In view of what had just transpired, this pointed language was evidently intended to exclude the affidavit and order thus improperly enumerated and admit only the judgment-roll. If, however, there be any uncertainty as to this, that uncertainty must be resolved against appellant, who must show error affirmatively. (*Romaine* v. *Cralle,* 80 Cal. 628, [22 Pac. 296] ; *Batchelder* v. *Baker,* 79 Cal. 267, [21 Pac.

754]; *O'Callaghan* v. *Bode*, 84 Cal. 493, [24 Pac. 269]; Spelling on New Trial, secs. 428-685.)

At the time the judgment in foreclosure was rendered (1894) neither the affidavit nor order for publication formed part of a judgment-roll. (*People* v. *Temple*, 103 Cal. 447, [37 Pac. 414]; *In re Newman*, 75 Cal. 213,[1] [16 Pac. 887].)

Hence these two papers were inadmissible, under the well-settled rule that a judgment cannot be thus collaterally assailed. (*Sharp* v. *Daugney*, 33 Cal. 505; *People* v. *Harrison*, 84 Cal. 609, [24 Pac. 311]; *Whitwell* v. *Barbier*, 7 Cal. 54; *Bennett* v. *Wilson*, 133 Cal. 385,[2] [65 Pac. 880].)

This is admitted by counsel for appellant, but he contends that the papers being attached to the judgment-roll, and enumerated when the offer was made, the court had no power of its own motion to strike out or refuse to admit evidence to which there had been no objection. This contention has no merit but its novelty. (Code Civ. Proc., sec. 128, subds. 1, 2, 3, 5.)

"The duty of the court is not confined to passing upon such portions of testimony as may be *excepted to*, but extends to the preservation of the rights of litigants, and a proper disposition of the matters in controversy." (*Parker* v. *Smith*, 4 Cal. 106; *People* v. *Wallace*, 89 Cal. 166, [26 Pac. 650].)

As the affidavit and order were eliminated from the case by the trial court, the question of their sufficiency is eliminated here, and it could serve no useful purpose to lengthen this opinion by discussing such sufficiency, or other questions connected with and dependent upon the existence of the main question here.

It is urged that the summons was served by publication after the original summons was returned. If it be conceded that such was the case, it could make no difference, for nothing to the contrary appearing on the face of this record, it will be presumed that an *alias* summons was issued. (*People* v. *Davis*, 143 Cal. 678, [77 Pac. 651]; *Sacramento Bank* v. *Montgomery*, 146 Cal. 745, [81 Pac. 138].)

It is here expressly stipulated that the pleadings, findings, and decree in the foreclosure suit are sufficient in form and substance, and therefore such decree, importing as it does absolute verity, was binding on Hellwegan, and the sale

---

[1] 7 Am. St. Rep. 146.    [2] 85 Am. St. Rep. 207.

under said judgment passed his title to the Pacific Mutual Life Insurance Company.

This disposes of all the specifications of error and insufficiency of evidence, save one.

It is claimed that the evidence is not sufficient to sustain the finding that the defendant Bruner paid all the taxes on the land for 1895-1896.

That Bruner did in fact pay the taxes is not disputed.

Nor is it disputed that at the time of such payment Bruner was in possession of the land under a contract with the Pacific Mutual Life Insurance Company, through which the title finally passed to him.

But it is contended that because the property was assessed to Hellwegan at a time when he (Hellwegan) was in possession, the payment made by Bruner must be held made for the benefit of Hellwegan.

The mere statement of the proposition is its refutation.

The judgment is affirmed.

Chipman, P. J., and Buckles, J., concurred.