[L. A. No. 4043. Department Two.—July 31, 1917.]

## R. M. BAKER, Respondent, v. EILERS MUSIC COMPANY, Appellant.

PROMISSORY NOTE — ATTORNEY'S FEES — AMOUNT IN DISCRETION OF COURT.—Where a promissory note provides for payment of reasonable attorney's fees, the amount is to be fixed by the court in its discretion, without necessity for evidence, and it is only for an abuse of discretion that the court's action will be reversed.

ID.—ACTION ON NOTE — CROSS-COMPLAINT CLAIMING DAMAGES FOR AN EVICTION AS A TENANT—JUDGMENT PENDING ON APPEAL NOT ADMISSIBLE AS EVIDENCE.—Where in an action on a promissory note the defendant by cross-complaint demanded damages for an eviction from a portion of certain leased premises, and to prove the fact of eviction offered in evidence the judgment-roll in another action by the same plaintiff against defendant for rent, in which the eviction had been set up as a defense and had been found by the court in favor of the defendant, but from which judgment an appeal taken by the plaintiff was undetermined, that judgment was not final, and was properly excluded as evidence of the eviction.

ID.—EFFECT OF FAILURE TO SET UP COUNTERCLAIM IN FORMER ACTION.— The defendant in the previous action for rent could have pleaded,

and should have pleaded, its claim for damages for eviction as a counterclaim, and having failed to do so, although it had set it up as a defense, defendant was estopped by section 439 of the Code of Civil Procedure from establishing it as a cross-complaint in the present action. .

ID.—ABATEMENT—PLEA OF OTHER ACTION PENDING.—A plea in abatement that another action is pending is open only when the identity of the matters involved in the second action is such that a judgment in the first could be pleaded as a former adjudication if that judgment was final.

ID.—ESTOPPEL BY SILENCE OF COUNSEL AT TRIAL.—The judgment-roll in such case having been offered by defendant, and plaintiff's counsel, in answer to a question by the court as to whether judgment had become final, having replied that an appeal was pending, and the court having thereupon ruled that the pendency of the appeal rendered the judgment useless in any respect in this case, and the appellants' attorney, having on the trial made no response other than to save his exception, his subsequent contention on appeal that the judgment-roll was admissible because there was no proof of the pendency of an appeal from it was frivolous.

ID.—APPEAL AND ERROR—PREMATURE SIGNING OF FINDINGS.—Unless the appellant makes plain to the court the nature of the "substantial right" of which he claims to have been deprived by the signing of findings prior to the expiration of the five days provided for by section 634 of the Code of Civil Procedure, it is the duty of the court, under Constitution, article VI, section 4½, to disregard the error.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Frank Bryant, for Appellant.

Lucius M. Fall, for Respondent.

HENSHAW, J.—Plaintiff brought his action to recover upon two promissory notes executed by defendant to him. The notes are pleaded *in haec verba* in the complaint and each provides for the payment "of a reasonable attorney's fee if suit is commenced to enforce the payment." The total amount due on these notes was twelve thousand two hundred dollars. Defendant answered by pleading a composition agreement whereunder the notes were to be paid not according to their

terms and tenure but at the rate of three thousand dollars monthly. It may here be interpolated that no showing was made to support this asserted agreement, that the court found against it, and even if it were true, defendant was in default for nonpayment. Defendant also pleaded a cross-complaint, under which it asserted that it had been a tenant of plaintiff's premises under a lease; that it had been evicted from a portion of the demised premises, and that by reason of this eviction it had suffered damages in the sum of fifty thousand dollars. After trial, judgment was given for plaintiff, and defendant appeals.

It is not altogether easy to follow the contentions of appellant. The complaint charged for the amount due upon the promissory notes and a reasonable attorney's fee. The pleadings admitted the execution of the notes. The defense of a composition agreement for deferred payments failed utterly, and the defendant had deposited in a bank for plaintiff on account of these notes before the trial the sum of twelve thousand two hundred dollars, principal and interest, leaving unpaid only the attorney's fee and costs, to be fixed by the court. Upon this statement being made to the court by plaintiff's attorney, the court fixed the attorney's fee in the sum of one thousand dollars. Where a promissory note so provides for the payment of a reasonable attorney's fee, it is the province of the court to fix that amount in its discretion and without the introduction of direct evidence upon the matter, and only for an abuse of discretion—which does not here appear—will the court's action be reversed. (*Woodward* v. *Brown*, 119 Cal. 283, [63 Am. St. Rep. 108, 51 Pac. 2, 542]; *Patten* v. *Pepper Hotel Co.*, 153 Cal. 461, [96 Pac. 296].)

The appellant offered the judgment-roll in an action which bore the same title as this, but which in all other respects was totally different. That was an action by the landlord prosecuted against his tenant to recover one months's installment of rent. The defense was the eviction of the defendant from a portion of the demised premises, the refusal of the landlord to restore that portion of the demised premises, the rescission by defendant of the contract of lease and its surrender of its possession. Upon the trial of that action the court found in favor of this defense and gave judgment accordingly, from which judgment the plaintiff prosecuted his

appeal. Upon the trial of this action defendant tendered the judgment-roll and stated that it was for the purpose of showing the eviction. At the time of this tender the appeal was pending. The court refused this judgment-roll admission in evidence, and was right in so doing, for many reasons, only two of which need here be considered. First, the court's ruling was correct because the attempt was to prove by the introduction of a judgment, whose operation was suspended by appeal, a fact in issue, namely, the eviction. It should need no citation of authorities to show that this cannot be done. However, reference may be made to *In re Blythe,* 99 Cal. 472, [34 Pac. 108], and *Feeney* v. *Hinckley,* 134 Cal. 468, [86 Am. St. Rep. 290, 66 Pac. 580], which are direct adjudications to the effect that a judgment in order to be admissible in evidence for the purpose of proving facts therein found must be a final judgment in the cause, and if the action in which the judgment was given is still pending, necessarily the judgment is not final. It is to be noted that this was not an attempt to abate the present action, and could not have been, for the reason that the subject matters and causes of the two actions were not even similar, much less identical, and of course it is the universal rule that a plea in abatement is open only where the identity of the matters involved in the second action are such that a judgment in the first could be pleaded in bar as a former adjudication if that judgment were final. (*Vance* v. *Olinger,* 27 Cal. 358; *McCormick* v. *Gross,* 135 Cal. 302, [67 Pac. 766].)

The second reason is this: In the action for rent the counterclaim or cross-complaint for damages occasioned to the tenant by his eviction not only could have been pleaded, but should have been pleaded, and defendant's failure to plead it in that action estopped it from doing so in the present action. Indeed, the judgment-roll might have been offered by plaintiff himself to establish defendant's failure to plead his damages for eviction and thus to estop him from his efforts to establish it in the present action. The matter is conclusively covered by section 439 of the Code of Civil Procedure, when it declares that: "If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, nei-

ther he nor his assignee can afterwards maintain an action against the plaintiff therefor.''

To all of this appellant interposes the utterly frivolous contention that the judgment-roll was admissible because respondent did not prove nor offer to prove that the judgment embraced in the judgment-roll was on appeal to district court of appeal, and, therefore, argues appellant, this court ''is bound to assume that no such appeal had been taken.'' What the record does disclose upon this point is that upon the tender of the judgment-roll by defendant's attorney the court asked whether the judgment had become final, and plaintiff's attorney responded, ''The judgment-roll was appealed from to the district court of appeals on the judgment-roll without a bill of exceptions and that appeal is now pending.'' The court then ruled that the judgment-roll would not be admitted in evidence for any purpose whatsoever, ''as the pendency of the appeal renders it utterly useless in any respect in this case.'' To this appellant's attorney made no response other than to save his exception. He did not and does not contend that the appeal was not taken and was not in fact pending. He did not object to the insufficiency of the statement of counsel as not measuring up to legal evidence. He made not the slightest effort in the trial court and makes none here to show the contrary of the fact stated by the attorney for plaintiff. The practice of the law has indeed fallen on evil days if the statement of a sworn officer of the court under these circumstances, and where no objection is made to its sufficiency, may not be considered by the court itself. But in addition to this, for the reason last given, namely, that the defendant had lost its right to counterclaim for damages, the ruling of the court was sound, even though the judgment had been absolutely final in defendant's favor.

It is last contended that a copy of the findings and judgment were served on defendant's attorney on May 22d and were signed and filed on May 25th, and that thus violence was done to section 634 of the Code of Civil Procedure, which declares that the court shall not sign any findings prior to the expiration of five days' service upon all the parties, and that therefore defendant was ''denied a substantial right.'' What that substantial right may have been we are not advised. Conceding it to have been error for the court thus to have signed and filed the findings within the five days'

period allowed to appellant, it is incumbent on the latter to show more than this to work a reversal of the judgment. It is not sufficient for him to do as here he does, merely state that he was deprived of a "substantial right." He must in some manner make plain this fact to the court and disclose the nature of the substantial right of which he was deprived. Otherwise it becomes the duty of this court to disregard the error. (Const., art. VI, sec. 4½.) This appellant has failed to do.

Wherefore the judgment and order appealed from are affirmed.

Lorigan, J., and Melvin, J., concurred.