[L. A. No. 4214.  Department Two.—April 17, 1918.]

CHARLES M. ACKERMAN, Cross-defendant and Respondent, *v.* CLEVELAND SCHULTZ, Cross-defendant and Appellant; W. J. HITTSON et al., Cross-defendants and Respondents; BERT T. DEMMITT, Cross-complainant and Respondent.

APPEAL—TIME TO APPEAL FROM JUDGMENT—PENDENCY OF PROCEEDINGS FOR NEW TRIAL.—Prior to the amendment in 1915 of section 939 of the Code of Civil Procedure, the pendency of proceedings on a motion for a new trial did not extend the time to appeal from a judgment.

CLAIM AND DELIVERY—PLEADINGS—CROSS-COMPLAINT IN SUCH ACTION— QUESTION PRECLUDED BY STIPULATION.—In an action in claim and delivery, an appellant who entered into a written stipulation with the other parties to the litigation, by which he acknowledged service of the summons and a copy of the cross-complaint, waived his right to demur thereto, and agreed that his answer to the plaintiff's amended complaint might be deemed an answer to the cross-complaint, is precluded from raising the question of the permissibility of a cross-complaint in that form of action.

ID.—FINDINGS SUSTAINED BY EVIDENCE.—Evidence found on appeal to be sufficient to sustain findings of fraud and false representations.

ID.—JUDGMENT EXCESSIVE IN AMOUNT—REDUCTION BY APPELLATE COURT. A judgment for a cross-complainant exceeding the amount alleged and prayed for in the cross-complaint should be reduced to agree with the allegations and prayer of the cross-complaint.

FRAUD—FRAUDULENT REPRESENTATIONS—LIABILITY.—In an action by a cross-complainant against several cross-defendants for fraud by which the cross-complainant was induced to purchase an automobile, the fact that the bill of sale was signed by only one of the cross-defendants, and that the record title did not purport to come from his codefendant, did not relieve the latter, who had asserted title in himself, from responsibility for his instrumentality in aiding in the purported transfer of title.

ID.—FRAUDULENT TRANSFER.—One not a creditor of a person making a transfer claimed to be fraudulent and void under section 3440 of the Civil Code, the transferrer not being a party to the action, is not in a position to invoke that statute.

ID.—EXPENDITURES FOR REPAIRS.—In an action for damages for fraud by which one was induced to purchase an automobile, judgment was properly awarded for money expended or indebtedness incurred by the defrauded party for repairs to the property after transfer of its possession and before the discovery of the fraud.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Cleveland Schultz, *in pro. per.*, for Appellant.

Andrew J. Copp, Jr., Charles Ackerman, *in pro. per.*, Clyde E. Cate, and W. J. Hittson, for Respondents.

MELVIN, J.—Cleveland Schultz sought to appeal from a judgment against him on the cross-complaint of Bert. T. Demmitt, and from an order denying his motion for a new trial.

Respondent says that the appeal from the judgment was taken too late. Judgment was entered January 27, 1914. Appeal therefrom was dated, served, and filed January 20, 1915. Under section 939 of the Code of Civil Procedure, before its amendment in 1915, this was too late, as the pendency of the proceedings on motion for new trial did not extend the time for appeal from the judgment.

We are, therefore, limited to a consideration of the appeal from the order denying the motion of appellant for a new trial, and that, too, upon a record which does not contain a copy of the original complaint of Ackerman. The judgment and findings upon the cross-complaint, however, refer to Ackerman's suit as one on claim and delivery, and appellant insists that there may be no cross-complaint in such an action. To support this contention certain authorities from other states are cited which refer to counterclaims and not to cross-complaints. One Californian case is referred to, and in the opinion in that case (*Lovensohn* v. *Ward*, 45 Cal. 8) it was merely held that the subject matter of litigation in replevin being the property mentioned in the complaint, defendant may not in his answer allege that plaintiff has taken from him other property and ask for its return. In this case the cross-complaint dealt with the very property in suit and appellant's conduct in relation to it. This is in accordance with section 442 of the Code of Civil Procedure.

In any view of the matter appellant is precluded from raising the question, because he entered into a written stipulation with the other parties to the litigation by which he

acknowledged due service upon him of the summons on the cross-complaint together with a copy thereof, waived his right to demur to the cross-complaint, and agreed that his answer to the amended complaint of Ackerman might be deemed an answer to the cross-complaint.

The court found Schultz guilty of fraud. Among the findings is one to the effect that he and his cross-defendants, as an inducement to the cross-complainant to purchase the automobile in which Schultz falsely claimed an interest, covenanted and agreed that if Demmitt would purchase the car, they would warrant and defend the title to said property. This finding is attacked upon the ground that the bill of sale given to respondent Demmitt was signed by Bruce Masse alone. But there was other testimony to the effect that Schultz said he was the owner of the property and that the automobile was free and clear of all encumbrances. There were also other circumstances in proof tending to support the finding. It was thoroughly justified by the evidence.

Appellant also objects to the finding that joins his name with that of Masse in making "a purported transfer of title," because the bill of sale was not signed by him. However, he did assert title in himself, and the mere fact that record title did not purport to come from him did not relieve him of responsibility for his instrumentality in aiding in the purported transfer of title.

Another finding was to the effect that the representations of appellant to respondent that the automobile was free and clear of all encumbrances were knowingly false and were made with intent to deceive the respondent. The attack upon this finding is that Ackerman was not shown to have ever had possession of the chattel, and that, therefore, its purchase by him from one Van Tongel was fraudulent and void under section 3440 of the Civil Code. This contention is without merit. Van Tongel is not a party to this action, and appellant not being one of his creditors, is not in a position to invoke that statute. Moreover, Ackerman testified that he did take possession of the property on the date of the execution of the bill of sale. This finding is also attacked on the ground that respondent employed an attorney to investigate the records to discover if any liens against the property existed, and that, therefore, he did not rely on the false representations. The

obvious answer to this is that appellant's fraud, as found by the court, was not limited alone to false pretenses as to title.

After transfer of possession and before discovery of the fraud the respondent, as the court found, expended or became indebted for a certain amount for repairs on the motor car. Judgment for this sum was properly awarded.

In the prayer of the cross-complaint judgment is asked for punitive damages in a named sum and $574.99, together with interest from December 28, 1912. This latter sum is made up of the two amounts, $275 alleged to have been paid cross-defendants for the automobile, and $299.99 expended by way of repairs. In the judgment as given the sum of $303 is awarded as the amount expended for repairs, making, when added to the $275, a total of $578. This should be reduced to agree with the allegations and prayer of the cross-complaint, and it is ordered that the judgment be modified to that extent.

The judgment as modified must be affirmed, and it is so ordered. The order denying appellant's motion for a new trial is affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.*, concurred.