[Civ. No. 119. Fourth Appellate District.—November 20, 1930.]

WILLIAM F. ADAMS, as Administrator, etc., Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Defendant; JAMES W. COLE et al., Respondents.

William F. Adams, *in pro. per.*, for Appellant.

Swing & Wilson for Respondents.

MARKS, J.—This is an action brought by the administrator of the estate of Leo R. Schwanekamp, deceased, for damages resulting from the death of deceased as the result of an accident which occurred while he was driving his automobile on a public highway of the County of San Bernardino connecting the cities of Redlands and San Bernardino. The case came before the court below upon the demurrers of respondents to appellant's second amended complaint, which demurrers were sustained as to respondents Cole and Long without leave to amend, and the County of San Bernardino with leave to amend. A judgment was entered in favor of Long and Cole following the sustaining of their demurrer to the second amended complaint, and in favor of the County of San Bernardino upon the failure of appellant to file an amended complaint within the time fixed by the trial court. Appellant filed separate notices of appeal from each of these judgments, but the case comes before us on a single record.

It is alleged in the second amended complaint that James W. Cole and Charles Long were highway commissioners of the County of San Bernardino having jurisdiction over the particular road in question. The Southern Pacific Company maintained a crossing over this highway. The County of San Bernardino had for a long time maintained a pavement in the center of the highway. Some time prior to the accident the paved portion of the highway had been widened for a distance of a few blocks by the construction of additional

pavement fifteen feet in width on the north side of the former pavement. This new pavement extended up to the right of way of the Southern Pacific Company until it reached a point about fifteen feet from the most easterly rail of the four tracks of the Southern Pacific Company, leaving this space unpaved and unimproved and upon which the rails of the Southern Pacific Company were permitted to stand at least eight inches above the ground. On the night of August 24, 1927, the deceased was traveling westerly upon the new pavement and proceeded across the unpaved portion of the intersection, striking the rails of the Southern Pacific Company with such force that his automobile was overturned and he suffered injuries which resulted in his death. It is further alleged that before the time of the accident respondents had notice of the defective and dangerous condition of the highway and that the County of San Bernardino had available funds with which to pay the cost of remedying the same.

Apparently three separate grounds of negligence are alleged. First, the failure to maintain a safe highway crossing over the railroad tracks; second, the failure to pave a portion of the Southern Pacific Company's right of way between the end of the new pavement and the railroad tracks; third the failure to post any notices, signs, lights or barriers at the end of the pavement warning travelers of the dangerous condition of the unpaved portion of the crossing over the right of way.

Respondents demurred to the second amended complaint upon the grounds, first, that it failed to state a cause of action against them or any of them; second, a misjoinder of parties defendant; and third, that it was uncertain, ambiguous and unintelligible. In their briefs respondents urge a further ground of objection in that they maintained that two causes of action are improperly united and are not separately stated therein. While there might be considerable merit in this last contention, it was not made by demurrer in the court below and cannot be urged here for the first time.

The record shows that on October 27, 1928, the demurrer of the defendants Cole and Long was sustained, giving appellant ten days in which to amend. It further appears that on the second day of November, 1928, at the request of the attorney for appellant this order was amended by

the court to read as follows: "Demurrer of defendants Cole and Long to second amended complaint sustained without leave to amend." Judgment in favor of these respondents followed the entry of this minute order.

It is well-settled law in California that a party cannot object to a judgment, order or ruling consented to by him. (*Ackerman* v. *Schultz*, 178 Cal. 190 [172 Pac. 609]; *Baker* v. *Eilers Music Co.*, 175 Cal. 652 [166 Pac. 1006].) This court will not disturb an order or judgment on an appeal taken by a party who consented thereto. (*Hibernia Savings & Loan Soc.* v. *Waymire*, 152 Cal. 286 [92 Pac. 645].) Appellant having requested that the demurrer of Cole and Long be sustained without leave to amend he must be held to have consented to the judgment entered in their favor, which followed as a matter of course. The judgment in favor of these defendants must be sustained.

Respondents urge with much seriousness that there was a misjoinder of parties defendant. Since the adoption of sections 379a, 379b and 379c of the Code of Civil Procedure in 1927 (Stats. 1927, pp. 477, 478, 631), we cannot agree with this contention. These sections provide as follows:

379a. "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

379b. "It shall not be necessary that each defendant shall be interested as to all relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make such order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest."

379c. "Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties."

Under the provisions of these sections as construed in the cases of *Nelson* v. *Marsh*, 100 Cal. App. 578 [280 Pac. 695],

732

*Teeter* v. *City of Los Angeles,* 209 Cal. 685 [290 Pac. 11], and *McPhetrige* v. *Smith,* 101 Cal. App. 122 [281 Pac. 419], we cannot hold that there was a misjoinder of parties defendant.

 Respondents seriously contend that appellant's second amended complaint fails to state any cause of action against the County of San Bernardino. Since this case was decided in the lower court the case of *Brooks* v. *City of Monterey,* 106 Cal. App. 649 [290 Pac. 540], has been decided by the First District Court of Appeals. In the Brooks case the complaint alleged negligence on the part of the city of Monterey in failing to post warning signs or barriers at the terminus of a paved street which ended on a bluff overlooking the ocean. Plaintiff's decedent drove over the bluff and was killed, and a judgment against the city was founded upon its negligence in failing to maintain lights, barriers or signals to warn travelers of the dangerous condition at the end of the street. The judgment against the city was sustained. Upon the authority of this case we must hold that the second amended complaint of appellant stated a cause of action against the County of San Bernardino and that the judgment rendered in favor of the county must be reversed.

The judgment rendered in favor of respondents James W. Cole and Charles Long is affirmed. The judgment rendered in favor of the County of San Bernardino is reversed.

Cary, P. J., and Barnard, J., concurred.