[Civ. No. 10920. Second Appellate District, Division One.—August 20, 1936.]

N. CHRISTINA, Appellant, v. THE R. Z. ADAMS CO., INC. (a Corporation), et al., Respondents.

Edmund Nelson, Howard Waterman, Louis Ferrari and Freston & Files for Appellant.

Lawrence B. Martin for Respondents.

HOUSER, P. J.—It appears that, as grounds for an order by which their demurrer to the complaint in the above-entitled action would be sustained, the defendants specified not only that the complaint did not state facts sufficient to constitute a cause of action, but as well, that the alleged

cause of action was barred by the provisions of subsection 1 of section 337 of the Code of Civil Procedure; and that the ruling on said demurrer that was made by the trial court, as was shown by the minute entry thereof, was that "by consent said demurrer is sustained without leave to amend".

Respondents contend that such consent constituted a waiver of the right to appeal from the ensuing judgment. In answer thereto, it is asserted that no consent to the ruling on the demurrer as it appears in the minutes of the court was given by appellant. In that regard, a determination of the question thus presented depends primarily upon the presumption of correctness that attaches to the record that was made by the trial court; and secondarily, upon the facts and circumstances that both immediately and shortly thereafter attended the situation.

Regarding the secondary inquiry, considering the fact that many months elapsed after the ruling on the demurrer was made before the correctness of the "consent" element thereof was questioned, in the course of which period of time, and as a natural consequence thereof, the memories of the respective parties must have become somewhat dulled with reference thereto, it is not at all remarkable that a difference should be disclosed in detail respecting the language that had been used by appellant at or about the time when the alleged consent was given. But as to the first and controlling element, it is obvious that considering the state of the record, the burden of establishing that the minutes of the trial court did not correctly reflect the facts that were presented at the time when the order was made rested on appellant. From a review of the several affidavits that were filed herein by the respective parties, this court is convinced that appellant has failed to sustain the burden that the law has placed upon appellant in that regard; with the result that, in substance and effect, it must be held that plaintiff did consent that the demurrer theretofore interposed by defendant to the complaint should be sustained "without leave to amend". In such circumstances, the authorities are numerous, in substance, that the plaintiff waived the right of appeal from the judgment, and thereafter was not privileged to test the question of the sufficiency of the complaint by such an appeal. (*Adams* v. *Southern Pacific Co.*, 109 Cal. App. 728, 731 [293

Pac. 681]; *Reed* v. *Murphy*, 196 Cal. 395 [238 Pac. 78], and authorities therein respectively cited.)

It becomes unnecessary to pass upon other questions that are suggested by either appellant or respondents. The judgment is affirmed.

York, J., and Doran, J., concurred.