[Civ. No. 22647.   Second Dist., Div. Two.   Jan. 17, 1958.]

H. J. WILSON, Appellant, v. CITY OF LOS ANGELES, Respondent.

H. J. Wilson, in pro. per., for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Spencer L. Halverson, Deputy City Attorney, for Respondent.

RICHARDS, J. pro tem.*—On September 20, 1949, appellant filed his complaint in inverse condemnation against respondent city of Los Angeles which interposed a general and special demurrer and on February 1, 1950, the demurrer was sustained by stipulation with leave to amend in 20 days. No amended complaint was filed and slightly more than seven years later, on March 15, 1957, the respondent city of Los Angeles moved to dismiss the action on two grounds: (1) that the action had not been brought to trial within five years after the filing of the complaint (Code Civ. Proc., § 583) and, (2) that the appellant failed to amend his complaint within the time allowed by the court (Code Civ. Proc., § 581, subd. 3[1]). Appellant opposed a dismissal under section 583 but submitted to a ruling of the court on the motion to dismiss under section 581, subdivision 3. On March 27, 1957, the motion to dismiss was granted and an order dismissing the action under section 581, subdivision 3, was entered upon the minutes of the court which constitutes a judgment (Code Civ. Proc., § 581d) and from which judgment this appeal is taken.

We have concluded that the demurrer having been sustained by stipulation, the judgment of dismissal following appellant's failure to amend, must be affirmed without reviewing the sufficiency of the complaint to state a cause of action upon the established principle that a judgment will not be reviewed or disturbed on an appeal which is prosecuted by a party who consented thereto. (3 Cal.Jur.2d, § 132, p. 590.) In *Adams* v. *Southern Pac. Co.*, 109 Cal.App. 728 [293 P. 681], at the request of the attorney for the plaintiff, the demurrers of certain defendants were sustained without leave to amend and the plaintiff thereafter appealed from the judgment entered thereon. The court said at page 731: "It is well-settled law in California that a party cannot object

---

*Assigned by Chairman of Judicial Council.

[1]Code Civ. Proc., § 581, subd. 3: "An action may be dismissed in the following cases: 3. By the court . . . when, after a demurrer to the complaint has been sustained, the plaintiff fails to amend it within the time allowed by the court, and the defendant moves for such dismissal."

to a judgment, order or ruling consented to by him. (*Ackerman* v. *Schultz*, 178 Cal. 190 [172 P. 609]; *Baker* v. *Eilers Music Co.*, 175 Cal. 652 [166 P. 1006].) This court will not disturb an order or judgment on an appeal taken by a party who consented thereto. (*Hibernia Savings & Loan Soc.* v. *Waymire*, 152 Cal. 286 [92 P. 645].) Appellant having requested that the demurrer of Cole and Long be sustained without leave to amend he must be held to have consented to the judgment entered in their favor, which followed as a matter of course. The judgment in favor of these defendants must be sustained." In *Christina* v. *R. Z. Adams Co., Inc.*, 16 Cal.App.2d 139 [60 P.2d 186], the defendants demurred to the plaintiff's complaint and the minute order showed that the demurrer was sustained without leave to amend by consent and a judgment for the defendants ensued. In affirming the judgment without passing upon the sufficiency of the complaint the court said at page 140: "In such circumstances, the authorities are numerous, in substance, that the plaintiff waived the right of appeal from the judgment, and thereafter was not privileged to test the question of the sufficiency of the complaint by such an appeal. (*Adams* v. *Southern Pacific Co.*, 109 Cal.App. 728, 731 [293 P. 681]; *Reed* v. *Murphy*, 196 Cal. 395 [238 P. 78], and authorities therein respectively cited.)" In *Linder* v. *Russian Health Baths*, 131 Cal.App.2d 621 [281 P.2d 314], it appears that one of the defendants cross-complained against a third party whose demurrer to the cross-complaint was sustained without leave to amend with the consent of the cross-complainant. Relying upon *Adams* v. *Southern Pac. Co., supra,* 109 Cal.App. 728, the court said at pages 621-622: "A party may not appeal from a judgment entered with his consent."

Although the foregoing cases deal with appeals taken from judgments following the sustaining of demurrers without leave to amend, we believe that the same principle applies to the instant case wherein the demurrer was sustained with leave to amend by consent and no amendment having been made, the action was dismissed for failure to amend. In either instance, the judgment of dismissal ensues as a matter of course and results from the appellant's consent to an order which he subsequently seeks to have reviewed on appeal.

Appellant contends that only by a judgment of dismissal could the sufficiency of the complaint to state a cause of action be reviewed on appeal. This we concede is the law. However, in the instant matter the judgment of dismissal was

not the consequence of any decision by the court on the merits of the demurrer but was the result only of the stipulation of the appellant and respondent that the demurrer be sustained and therefore we conclude that the matter is squarely within the above-cited decisions.

█ Respondent city of Los Angeles contends that the court should have granted its motion to dismiss the action under Code of Civil Procedure, section 583, by reason of plaintiff's failure to bring the cause to trial within five years after the filing of the complaint. Under the circumstances here shown this contention is not sound. In *Berri* v. *Superior Court*, 43 Cal.2d 856 [279 P.2d 8], a writ of mandate issued to compel the trial court to enter a judgment of dismissal more than five years after the filing of the complaint where the trial court had sustained a demurrer without leave to amend within the five-year period. The court held that an action must be brought within five years to a stage where final disposition is to be made of it and that where a demurrer has been sustained without leave to amend or with leave to amend and the time for amendment has expired within the five-year period, the matter has reached such a stage that a final determination is contemplated and hence section 583 does not require a dismissal in case the judgment of dismissal for failure to amend is not made within the five-year period inasmuch as such judgment follows as a matter of course.

The judgment dismissing the within action under Code of Civil Procedure, section 581, subdivision 3, is affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied February 11, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1958.