[Civ. No. 18293.   First Dist., Div. One.   June 16, 1959.]

CHARLOTTE O. JOHNS, Appellant, v. W. HARRY JOHNS et al., Defendants; HENRY L. WATTS et al., Respondents.

Fredricks & Sullivan for Appellant.

Royal E. Handlos for Respondents.

WAGLER, J. pro tem.*—On September 3, 1957, plaintiff filed her first amended complaint naming as defendants her husband, W. Harry Johns, from whom she had obtained an interlocutory decree of divorce, one Arnett and respondents herein.

Thereafter all of the defendants except Johns and Arnett who are not parties to this appeal filed demurrers. These were by order of the court sustained and from the judgment entered thereon plaintiff has appealed.

Respondents assert that the appeal should be dismissed on the ground that the order sustaining demurrer was entered with plaintiff's consent.

The record contains the following minute order dated December 11, 1957, Raymond J. Arata, Judge: "In this action *upon stipulation of respective counsel* [emphasis added], not present at hearing, the Court ordered the demurrer to plaintiff's first amended complaint sustained with 10 days to amend."

The record also contains a stipulation dated February 27, 1958, waiving notice of sustaining of demurrer and agreeing to the entry of judgment.

On March 11, 1958, the court signed a formal judgment in favor of the respondents herein which contains the following preamble: "The demurrer of WESTERN TITLE INSURANCE AND GUARANTY COMPANY, a corporation, HENRY L. WATTS, NORMA L. WATTS, ELIZABETH A. OSTERLUND and HOME FEDERAL SAVINGS AND LOAN ASSOCIATION, having been duly argued and

*Assigned by Chairman of Judicial Council.

submitted to the Court, and the Court having sustained the said demurrers and granted to the plaintiff ten days within which to amend, if so advised, and it appearing that the plaintiff and the said defendants have entered into a stipulation wherein plaintiff waived notice of sustaining of demurrer, and has stipulated that judgment may be entered in said action,

"AND GOOD CAUSE APPEARING," etc.

Not once in her brief has appellant denied the accuracy of the minute order which recites that the demurrer was sustained *"upon stipulation of respective counsel."* She contents herself with the assertion that the record is ambiguous and that the recitation in the judgment that the demurrer was *"duly argued and submitted to the Court"* necessarily negatives the idea that she consented to the sustaining of the demurrer.

We are unable to agree. The minute order and the recitals of the judgment are not necessarily in conflict. It is entirely possible that the demurrer was argued and submitted and that at a later date counsel stipulated that the demurrer could be sustained. The minute order is presumed to be correct. (*Reed* v. *Murphy*, 196 Cal. 395 [238 P. 78]; *John H. Spohn Co.* v. *Bender*, 18 Cal.App.2d 447 [64 P.2d 152].)

Furthermore any uncertainty in the record, if existent, must be resolved against appellant. (*Boyer* v. *Pacific Mutual Life Ins. Co.*, 1 Cal.App. 54 [81 P. 671].)

If in fact the minute order did not state the true facts the burden was upon appellant to take steps to correct the same. (*Christina* v. *R. Z. Adams Co., Inc.*, 16 Cal.App.2d 139 [60 P.2d 186].) None have been taken.

The rule is well established that "[a] judgment or order will not be reviewed or disturbed on an appeal prosecuted by the party who consented thereto" (3 Cal.Jur.2d 590; *Hibernia Savings etc. Soc.* v. *Waymire*, 152 Cal. 286 [92 P. 645]; *Christina* v. *R. Z. Adams Co., Inc., supra*; *Wilson* v. *City of Los Angeles*, 156 Cal.App.2d 776 [320 P.2d 93].)

Judgment affirmed.

Bray, P. J., and Tobriner, J., concurred.